JOHNSON, Judge
(dissents):
The questions which are determinative of this case are as follows:
Did the trial court err when he did not hold a full evidentiary hearing to determine the voluntariness of a confession obtained from the defendant prior to admitting the same to the jury? Or, if error, could same be corrected by holding such hearing after trial ?
The majority of this Court has answered the first question affirmatively and the second negatively. With due respect, I must register my dissent from their holding on the second issue.
As recognized by the majority opinion, there is no doubt that the trial court erred in refusing, over objection, to hold an evi-dentiary hearing on the question of the voluntariness of the appellant’s confession prior to admitting the same to the jury. The record demonstrates that defense counsel strenuously objected to the refusal to allow appellant, outside the presence of the jury, to testify concerning the volun-tariness of his confession. Defense counsel stated:
“Now, further to clarify the record will the record reflect that I am objecting to the Court’s ruling on the grounds that the Court has denied the Defendant the right to present further evidence concerning the matters which is necessary for the Court to rule upon the vol-untariness of the confession.”
After a hearing on appellant’s motion for new trial, the trial judge duly recognized his prior erroneous ruling and held that the error could be rectified by holding an evidentiary hearing for the purpose of determining the voluntariness of appellant’s confession. The order recited that only if the court found that appellant’s confession was involuntarily given would justice require the granting of a new trial. It is with this portion which I cannot agree.
In both Allen v. State and Kitchens v. State, cited in the majority opinion, this Court held that it is reversible error for the trial judge not to determine the volun-tariness of a confession before submitting the same to the jury, and that such an error mandates the granting of a new trial. The majority opinion in this case, citing Jackson v. Denno, supra, and the recent Florida Supreme Court case of Fowler v. State, supra, now attempts to put this Court in the posture of receding from Allen and Kitchens, supra; but it must be remembered that Judge Wigginton dissented in both Allen and Kitchens and while Judge Spector concurred in the Allen case, he now recedes from this concurrence, Judge Rawls concurred with Judge Carroll in the Kitchens case in which the Allen case was cited with approval, and therefore, at this time, a majority of the members of this Court do not recede from Allen and Kitchens.
The majority opinion quotes extensively from the 1964 case of Jackson v. Denno, supra, to illustrate that a new trial is not required to correct the error committed when the trial judge fails to determine the voluntariness of a confession. The words *713 used by the United States Supreme Court, were:
. . But as to Jackson, who has already been convicted and now seeks collateral relief, we cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary.”
While the United States Supreme Court, in a split decision, did hold that under the facts of the Jackson case, a new trial was not constitutionally required, we must not lose sight of the rest of that opinion. In the sentence in the Jackson case immediately preceding the above quoted sentence, the United States Supreme Court has this to say:
“. . . It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence.” (Emphasis supplied.)
In this statement it appears to me that the Supreme Court is saying that in trials “tried hereafter”, the determination of vol-untariness must be made prior to the confession being admitted to the jury.
In the Jackson case, supra, Justice Black and Justice Tom Clark both held that Jackson was entitled to a complete new trial. (Justices Harlan and Stewart dissented also.)
It appears to me that the last quoted citation, supra, was the basis for the ruling in our prior Allen and Kitchens cases, and especially when the question is specifically raised by defense counsel, prior to the evidence being admitted, I think the same commands the granting of a new trial in the case sub judice. To simply hold an ev-identiary hearing after the trial is concluded is to subject a defendant to piecemeal prosecution.
There are other compelling reasons why a defendant should be afforded an independent hearing as to the voluntariness of his confession prior to trial. The rule excluding a coerced confession is more than a rule excluding hearsay. Due process of law requires that a coerced confession be excluded from consideration by the jury and that the issue of coercion be tried by an unprejudiced trier. The truth or untruth of the confession is immaterial and, regardless of the pious fictions in which courts sometimes indulge, it is useless to contend that a juror who has heard the confession will or can be uninfluenced by his opinion as to its truth or falsity. Along the same vein, I have serious doubts that a trial judge, after a conviction -by a jury composed of fellow community members and probable friends of whose opinion he may view with high regard, can any more be uninfluenced by such jury conviction than the jury can be uninfluenced by the fact of a confession. Any prejudice, whether on the part of the jury or the trial court, is contrary to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. [I note parenthetically that the majority opinion speaks of congested court dockets and the expenses of trial in support of its opinion that a new trial is not required if the post-trial hearing results in a determination that the confession was voluntarily given. These reasons have never been deemed adequate to deny a defendant due process of law;, which includes a trial free from prejudice.]
Erroneous admission to the jury of an involuntary confession can very well alter the entire scheme of the accused’s defense, which could certainly result in an injustice to a defendant. It is for this reason that I do not feel that the case of Fowler v. State, 255 So.2d 513 (Fla., 1971), relied upon by the trial court and the majority of this Court, is applicable to the present case. The trial judge termed the Fowler -case an “analogous situation” in which a post-trial hearing was employed to correct a pretrial *714 procedural error. I do not think the two cases are comparable. In Fowler, the trial judge erroneously failed to conduct a pretrial hearing to determine competency to stand trial as required by the Rules of Criminal Procedure, and the Florida Supreme Court held that a post-trial hearing on the issue of competency would cure the error. I feel that the distinction between the Fowler case and the case sub judice lies in the fact that the failure to afford a plenary hearing before trial on the issue of competence to stand trial is not such as would necessarily affect the choice of evi-dentiary considerations to be subsequently presented to the jury. On the other hand, the trial court's disposition of the issue of voluntariness of a challenged confession gives rise to an impact on the entire trial proceedings and dictates, to a considerable extent, the trial strategy to be utilized by defense counsel, including evidentiary considerations to be presented to the jury. I do not believe that the procedure approved in Fowler commands the adoption of such a post-trial corrective hearing where the issue concerns the voluntariness of a confession.
In conclusion, I feel that the trial court erred when it ignored the holdings of this Court in Allen and Kitchens, supra, as well as that statement of the United States Supreme Court in Jackson v. Denno, supra, which states in effect that, in cases to be tried hereafter, the question of the volun-tariness of a challenged confession should be answered before or at trial. The prior error of refusing to hold an independent hearing on the voluntariness issue cannot be corrected by a post-trial hearing. For the reasons stated above, a new trial is the only way the appellant can be given a fair trial.
I would reverse the order denying appellant’s motion for new trial and remand this cause to the trial court for new trial proceedings, with directions to hold an eviden-tiary hearing, in the absence of the jury, either before or during the trial, on the issue of the voluntariness of appellant's confession.