438 So.2d 982 (1983)
Charles WEBER, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-2566.
District Court of Appeal of Florida, Third District.
October 11, 1983.
Bennett H. Brummer, Public Defender and William A. Cain, Sp. Asst. Public Defender, for appellant.
*983 Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This case, before us for a second time, appeals an order denying post-conviction relief.[1] We set aside the conviction.
Significant to the decision in this case are the following facts. Appellant was tried by jury on charges of attempt to commit second-degree murder and use of a firearm in the commission of a felony. Prior to trial the court ordered that he be psychiatrically evaluated.[2] The two psychiatrists who first examined defendant, William Corwin and Albert Jaslow, expressed opinions by written reports that defendant needed psychiatric treatment but was otherwise competent to stand trial. Dr. Jaslow first saw the defendant on January 28, 1981. By letter addressed to the court dated February 12, 1981, Dr. Jaslow wrote:
Since my contact with this defendant on January 28, 1981, I have received a few phone calls and several letters that indicate that he has deteriorated additionally, and he seems to be sufficiently disturbed so that he needs active treatment. His letters express loose, disorganized, delusional ideas that indicate his reality testing has deteriorated, and he appears to be actively psychotic. Hospitalization and concerted treatments would be recommended to enable him to reintegrate once more.[3]
The psychiatrist who last examined the defendant, Dr. Lloyd Miller, presented a report to the court which expressed a strong opinion that defendant was mentally ill and incompetent to stand trial.[4]
Appellant's first attorney withdrew from representation because appellant refused to cooperate and persisted in filing pro se motions. The court-appointed succeeding counsel filed no motion for a competency hearing and the trial court did not grant one on its own motion.[5] Defendant was convicted in May, 1981 of attempted second-degree murder and sentenced to ninety-nine years, and the court retained jurisdiction to review any parole release order issued within the first thirty-three years.[6]
There certainly were reasonable grounds to believe that the defendant was not competent to stand trial which imposed an obligation upon the trial court to conduct *984 a competency hearing. Lane v. State, 388 So.2d 1022 (Fla. 1980) citing Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Fowler v. State, 255 So.2d 513 (Fla. 1971); Fla.R.Crim.P. 3.210(b). The failure to conduct a formal competency hearing, on this record, constituted a denial of due process.
The second question is whether appellant's due process rights would be adequately protected by simply remanding for an evidentiary hearing as to whether he was competent to stand trial in May, 1981. Although earlier Florida Supreme Court decisions have temporarily remanded the case to the trial court for a hearing on the incompetency claim, e.g., Fowler v. State, 255 So.2d at 515, the United States Supreme Court has consistently held the procedure inadequate. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). By its disposition of the case and express adoption of Dusky as a constitutional mandate in Lane v. State, we think the Florida Supreme Court would now hold that a remand to conduct a competency hearing two years later is an inadequate remedy.
The judgment and sentence are vacated. Upon his being found competent to stand trial the defendant may be retried.
NOTES
[1] In Weber v. State, 411 So.2d 315 (Fla. 3d DCA 1982), where appellant on direct appeal raised the issues of ineffectiveness of counsel and illegal sentence, we affirmed the conviction without prejudice to appellant raising these issues initially in the trial court.
[2] It is not clear from the record what prompted the court to order the psychiatric examination.
[3] It is not clear whether the trial judge and appellant's new attorney read Dr. Jaslow's follow-up letter.
[4] Dr. Miller's conclusions were explicit:

My psychiatric impression of Mr. Weber is that he suffers from a psychotic disorder resulting from alcohol abuse of many years. His mental condition warrants referral for psychiatric hospitalization and treatment with anti-psychotic medications.
In my opinion Mr. Weber's present mental condition precludes him from a rational understanding and consideration of the charges against him. His mental condition deprives him of the ability to communicate with his defense counsel with a rational degree of understanding. His mental condition prevents him from using rational defense tactics and theories to avoid criminal prosecution.
In my opinion, Mr. Weber is mentally ill, mentally incompetent to stand trial, and his mental condition warrants referral to the North Florida Evaluation and Treatment Center in Gainesville... . [e.s.]
[5] It is not possible to blame the error squarely upon either the trial court or counsel. The trial judge who ordered the evaluations was not the same judge who tried the case. The attorney who tried the case was not the same attorney who represented the defendant during most of the pretrial proceedings. Nonetheless, the circumstances in combination resulted in a grave omission which prejudiced appellant.
[6] Since the sentence, which exceeded that permitted by law, was not challenged in the trial court, it was not considered on the first appeal. Weber v. State, supra note 1. After a hearing on the motion for post-conviction relief the sentence was corrected.