PER CURIAM.
The State of Florida seeks review of a trial court order holding inadmissible the testimony of the state’s chief witness from Weber’s former trial. We conclude that the trial court correctly prevented the use of the former testimony for the following reasons.
Previously, this court held in Weber v. State, 438 So.2d 982 (Fla. 3d DCA 1983), that the failure of the trial court to conduct a formal competency hearing constituted a denial of due process. Id. at 984. In reaching the decision that reasonable grounds existed to believe Weber was not competent to stand trial, the court noted with particularity the explicit conclusions of the psychiatric expert who opined that Weber’s “mental condition prevents him from using rational defense tactics and theories _” Id. at 983 n. 4.
The state argues that, because a formal competency determination at the first trial was never made, a nunc pro tune competency hearing should be held. Although this procedure is available in certain limited circumstances, see Fowler v. State, 255 So.2d 513 (Fla.1971) (in addition to psychiatric reports establishing grounds to believe defendant insane, a hearing had been requested); Brown v. State, 449 So.2d 417 (Fla. 3d DCA 1984) (remanded upon the authority of State v. Williams, 447 So.2d 356. (Fla. 1st DCA 1984); State v. Williams, 447 So.2d 356 (Fla. 1st DCA 1984) (no evidence in record suggesting incompetency at time of trial), we do not believe that such a hearing would be appropriate on this record.
We agree with the state that the issue presented is not a simple one and, therefore, the trial court erred when it denied the state’s motion for extension of the speedy trial period during the pendency of this appeal. See State v. Barnett, 366 So.2d 411 (Fla.1978). See also State v. Jenkins, 389 So.2d 971 (Fla.1980).
We accordingly grant the state’s petition for certiorari in part and deny it in part and remand to the trial court for further proceedings consistent with our mandate in Weber.