*915
 
 FARMER, J.
 

 Defendant was found incompetent to stand trial and sent to a facility. The court held a hearing five months later. His attorney advised the court that he had since been found competent based on “evaluations that were obtained by the Public Defender’s Office.” Without further hearing or evidence, the court spontaneously declared defendant competent to begin trial and the case proceeded to trial. Before jury selection, his attorney added that facility doctors had found defendant competent to be tried. A jury was selected and found him guilty of aggravated battery, as charged, and trespassing and assault, both lesser included offenses of other crimes charged. He now appeals the conviction on the grounds that the competency issue was improperly decided. We agree.
 

 Florida Rule of Criminal Procedure 3.212(c)(7) provides: “If, at any time after such commitment, the court decides,
 
 after hearing,
 
 that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.” [e.s.] In
 
 Abreu-Gutierrez v. James,
 
 1 So.3d 262 (Fla. 4th DCA 2009), we held:
 

 “[a] defendant who has been found incompetent to proceed is presumed to remain incompetent to proceed until adjudicated competent by the court. The court must hold a hearing and enter an order finding that the defendant is competent before proceedings may resume.”
 

 1 So.3d at 264-65
 
 (citing Samson v. State,
 
 853 So.2d 1116, 1116 (Fla. 4th DCA 2003)). In
 
 Samson
 
 under nearly identical circumstances as here, we said:
 

 “In the present ease, the trial judge did not take the testimony of any of the examining physicians and did not enter a written order stating that Samson was restored to competence. Therefore, he remained incompetent to proceed and could not enter valid pleas.”
 

 853 So.2d at 1117. If the Rule wanted lawyers to be able to stipulate to restored competency without an evidentiary hearing, it would have so stated in explicit terms.
 

 It follows that the conviction must be set aside and, as to competency, the case returned to its status before the trial judge spontaneously declared defendant competent without hearing or evidence. If he is later found competent to proceed, a new trial is required as to the aggravated battery, trespassing and assault charges.
 

 Reversed.
 

 HAZOURI and GERBER, JJ., concur.