DAMOORGIAN, J.
David Jones appeals an order denying his amended motion to withdraw his pleas of no contest to the charges of: felony battery; resisting an officer with violence; possession of cannabis with intent to sell; possession of alprazolam; and driving with a suspended license. At issue is whether the trial court conducted a proper competency hearing in accordance with Florida Rule of Criminal Procedure 3.212 prior to Jones entering his pleas of no contest. Having concluded that the trial court conducted a proper competency hearing under Rule 3.212, we affirm.
The following facts are relevant to our resolution of the issue before us. At some point after Jones was charged with the aforementioned crimes, he was declared incompetent and committed to a State mental health facility. After a period of incompetency, Jones petitioned the court to hold a competency hearing and declare him competent. At the hearing, Jones’ counsel presented two expert competency evaluations to the court, both finding Jones competent to proceed. The State stipulated to the admission and contents of the reports, and pursuant to the parties’ request, the court accepted the reports in lieu of expert testimony. After considering the evidence, the court declared Jones competent to proceed.
Shortly after he was declared competent, Jones entered a plea of no contest to each of the four charges against him and was placed on probation. Within a week, Jones committed a new law violation in violation of his probation. Facing a revocation of his probation, he filed a motion to withdraw his plea, arguing that he was not afforded a sufficient competency hearing. The trial court held several hearings on the motion. After reviewing the transcript of the competency hearing held before Jones entered his pleas, the trial court noted that both sides stipulated to the expert reports finding Jones competent. The trial court concluded that Jones was afforded a full competency hearing in accordance with Rule 3.212(c)(7)[1] and denied the motion. This appeal follows.
A proper hearing to determine whether competency has been restored after a period of incompetence requires “the *984 calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence.” Samson v. State, 853 So.2d 1116, 1117 (Fla. 4th DCA 2003). However, “where the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone.” Fowler v. State, 255 So.2d 513, 515 (Fla.1971). See also Molina v. State, 946 So.2d 1103, 1105 (Fla. 5th DCA 2006) (noting that it is appropriate for the trial court to consider only repoi'ts to determine a defendant’s competency at a hearing following a period of incompetency so long as the parties agree).
Jones recognizes this precedent, but suggests that our own precedent compels the trial court to require expert testimony even when the parties stipulate to the experts’ written reports and conclusions and choose not to present any further evidence or argument. In support of this position, Jones exclusively relies on our opinion in Macaluso v. State, 12 So.3d 914 (Fla. 4th DCA 2009).
In Macaluso:
[A] Defendant was found incompetent to stand trial and sent to a facility. The court held a hearing five months later. His attorney advised the court that he had since been found competent based on ‘evaluations that were obtained by the Public Defender’s Office.’ Without further hearing or evidence, the court spontaneously declared defendant competent to begin trial and the case proceeded to trial.
Id. at 915. On appeal-, we reversed and remanded on the basis that the defendant was not afforded a proper evidentiary hearing, reasoning that “[i]f [Rule 3.212] wanted lawyers to be able to stipulate to restored competency without an evidentia-ry hearing, it would have so stated in explicit terms.” Id.
Macaluso recognized that Rule 3.212 does not sanction stipulations to the ultimate issue of competency.[2] That task is expressly left to the trial judge and that authority may not be delegated to the lawyers in the case. Id. at 915. See Fowler, 255 So.2d at 515 (holding that a court considering the issue of competency can rely on an expert’s written reports if the parties agree).
Jones’ reliance on Macaluso is misplaced. Here, the parties stipulated to the expert reports. The reports became the evidence upon which the trial court relied to decide the ultimate issue. Finally, nothing in the record suggests that either side was prohibited from presenting any other evidence or arguments, and the trial court entered a written order concluding Jones was competent to proceed as required by the Rule. Based upon the foregoing, we hold that the trial court held a proper competency hearing as contemplated by Rule 3.212.

Affirmed.

WARNER and CONNER, JJ„ concur.

. Florida Rule of Criminal Procedure 3.212(c)(7) states: "If, at any time after such *984 .commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.”

. In arriving at our decision in Macaluso, we relied on Samson. However, in Samson, we reversed because the trial court did not hold any degree of hearing or render a written order deeming a previously adjudicated incompetent defendant competent. 853 So.2d at 1117. We did not in any way comment on the parties’ ability to stipulate to the contents of an expert report in lieu of testimony at a hearing.