PER CURIAM.
Defendant, S.B., appeals the trial court’s finding that he was competent to proceed to trial, arguing that the competency issue was improperly decided. We agree. We affirm the trial court’s ruling as to Defendant’s other point on appeal, without comment.
Defendant was found incompetent to proceed to trial in two separate cases. Three years later, the court held a hearing, and his attorney advised the court that: “[Defendant] was evaluated by [a doctor]. I just reviewed the — thanks to the State, their copy of the report. And based on that my conversation with [Defendant] and the mother, we are going ahead and stipulate that the child is competent to proceed today.” The State also stipulated to Defendant’s competency, but there was no stipulation to the contents and admission of the doctor’s report for the determination of competency.
Without further hearing or evidence, the court entered a written order finding that Defendant was competent, based solely upon the stipulations by the State and defense, and its own review of the doctor’s report. Both cases proceeded to trial. A jury found Defendant guilty of battery on a school board official and disrupting a school function, as charged in the first case, and burglary of a conveyance, as charged in the second case.
Florida Rule of Criminal Procedure 3.212(c)(7) provides: “If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.” A hearing to determine whether competency has been restored after a period of incompetence requires “the calling of court-appointed expert witnesses designated under [rule 3.211], a determination of competence to proceed, and the entry of an order finding competence.” Samson v. State, 853 So.2d 1116, 1117 (Fla. 4th DCA 2003).
However, “where the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone.” Fowler v. State, 255 So.2d 513, 515 (Fla. 1971); see also Molina v. State, 946 So.2d 1103, 1105 (Fla. 5th DCA 2006) (noting that it is appropriate for the trial court to consider only reports to determine a defendant’s competency at a hearing following a period of incompetency so long as the parties agree).
In a similar case, Macaluso v. State, 12 So.3d 914, 915 (Fla. 4th DCA 2009), we held that lawyers may not stipulate to a defendant’s restored competency without an evidentiary hearing. In another case, Jones v. State, 125 So.3d 982, 983 (Fla. 4th DCA 2013), the defendant was initially declared incompetent to proceed to trial. After a period of incompetency, a new hearing was conducted. Defense counsel presented two expert competency evaluations to the court, both finding the defendant competent to proceed. Id. The State stipulated to the admission and contents of the reports, and pursuant to the parties’ requests, accepted the reports in lieu of expert testimony. Id. After considering this evidence, the court declared the defendant competent. Id. The defendant later appealed the competency hearing, relying on this court’s opinion in Macaluso, and this court affirmed:
Macaluso recognized that Rule 3.212 does not sanction stipulations to the ultimate issue of competency. That task is expressly left to the trial judge and that authority may not be delegated to the *530 lawyers in the case. Id. at 915. See Fowler, 255 So.2d at 515 (holding that a court considering the issue of competency can rely on an expert’s written reports if the parties agree).
Jones’ reliance on Macaluso is misplaced. Here, the parties stipulated to the expert reports. The reports became the evidence upon which the trial court relied to decide the ultimate issue. Finally, nothing in the record suggests that either side was prohibited from presenting any other evidence or arguments, and the trial court entered a written order concluding Jones was competent to proceed as required by the Rule. Based upon the foregoing, we hold that the trial court held a proper competency hearing as contemplated by Rule 3.212.
Jones, 125 So.3d at 984 (footnote omitted).
In the instant case, it is clear from the record that neither party stipulated to the contents and admission of the doctor’s report. Nor was there any form of agreement between the parties and the judge to decide the issue of competency on the basis of the written report alone. Although it can be argued that by stipulating to the report’s determination of competency, the parties stipulated to the report and agreed to determine competency based on the report alone, there is nothing in the case law to suggest that such implicit stipulations and agreements are sufficient to satisfy rule 3.212. See, e.g., Fowler, 255 So.2d at 515; Jones, 125 So.3d at 983; Macaluso, 12 So.3d at 915.
Therefore, the trial court erred in its finding of Defendant’s competency. We remand this case to the trial court for a new hearing, and the court may consider any stipulations in accordance with this opinion. See Fowler, 255 So.2d at 515.

Affirmed in part; Reversed in part and Remanded.

STEVENSON, CIKLIN and KLINGENSMITH, JJ., concur.