DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND HANNA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-770

[October 4, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 13-014526-CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, Raymond Hanna, appeals his judgment and sentence after a jury found him guilty of grand theft and simulation of legal process. Hanna contends the trial court erred by: (1) finding him competent to proceed based on a stipulation, and (2) not conducting a proper *Faretta*[1] determination, and failing to renew an offer of counsel thereafter. We affirm as to the *Faretta* issue, without discussion; however, we agree with Hanna that the order finding him competent was erroneous, and reverse.

*Background*

Hanna was charged with grand theft and simulation of legal process based on an allegation that he placed a false lien on real property. In December 2013, the trial court entered an order finding Hanna incompetent, and the case was transferred to the trial court's mental health division with the Department of Children and Families to provide

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

restoration training.

After several orders appointing experts to reevaluate competency, a hearing was held in June 2015, to discuss the most recent evaluation, which is the operative evaluation for purposes of this appeal. The discussion regarding the evaluation and competency was as follows:

> [State]: That's great. And I see [the evaluator] giving that opine that he's competent. So, I will, on [the assigned ASA]'s behalf, stipulate to that.
>
> The Court: Did you want to stipulate to that?
>
> [Hanna's Attorney]: Your Honor, I know that you might not be able to address this, while I'm stipulating, but Mr. Hanna was again – I think you remember last time – desirous of discussing whether or not he could leave for –
>
> The Court: He wants to work.
>
> [Hanna's Attorney]: - the purpose of working.
>
> . . . .
>
> [Hanna's Attorney]: Okay. Then we'll stipulate to competency, Your Honor.
>
> The Court: Okay. So, there's a stipulation that he's competent to proceed. Are we able to resolve the case? Keep it [in mental health court]?
>
> . . . .
>
> The Court: This is a – This is a big deal that we have this finding now. There's a stipulation. There's some movement in the case.

The trial court then stated: "So, there's a finding of competence," and entered a written order finding Hanna competent.

Subsequently, Hanna proceeded to a jury trial in which he was found guilty as charged and was sentenced to concurrent prison terms. After being sentenced, Hanna gave notice of appeal.

*Appellate Analysis*

"We review a trial court's decision regarding competency for an abuse of discretion, but questions of statutory interpretation are reviewed de novo." *B.R.C. v. State*, 210 So. 3d 243, 244 (Fla. 2d DCA 2017) (citing *State v. D.V.*, 111 So. 3d 234, 236 (Fla. 4th DCA 2013)).

"The parties may stipulate to deciding competency based on the written reports rather than live expert testimony, but the defendant and the other parties may not stipulate to competency itself, particularly when the defendant was previously adjudicated incompetent, as the trial court must make an independent determination on the issue." *Rumph v. State*, 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017) (citing *Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014)); *see also Deferrell v. State*, 199 So. 3d 1056, 1061 (Fla. 4th DCA 2016) (quoting *Williams v. State*, 169 So. 3d 221, 223 (Fla. 2d DCA 2015)) ("[A] defendant may not waive his or her right to a competency hearing even if the experts unanimously find the defendant competent to proceed.").

Hanna argues that the trial court improperly accepted his stipulation to competency by a written order finding him competent. The State argues that Hanna did not stipulate to *competency*, but instead, argues that Hanna stipulated to the *evaluation*, and the trial court made an independent finding of competency.

The State cites to *Rumph*, where the Fifth District discussed the distinction between stipulating to a competency evaluation and stipulating to competency:

> The parties may stipulate to deciding competency based on the written expert reports rather than live expert testimony, but the defendant and the other parties may not stipulate to competency itself, particularly when the defendant was previously adjudicated incompetent, as the trial court must make an independent determination on the issue.

*Rumph*, 217 So. 3d at 1095 (citing *Dougherty*, 149 So. 3d at 678). Additionally, "[t]he stipulation to determining the issue based on the expert's written reports *may be inferred from the context.*" *Id.* (emphasis added).

However, in *S.B. v. State*, 134 So. 3d 528 (Fla. 4th DCA 2014), we reviewed a case with very similar facts, and reversed the finding of

competency. *Id.* at 529. There, three years after a defendant had been found incompetent, the trial court again revisited competency as follows:

> "[Defendant] was evaluated by [a doctor]. I just reviewed the— thanks to the State, their copy of the report. And based on that my conversation with [Defendant] and the mother, we are going ahead and stipulate that the child is competent to proceed today." The State also stipulated to Defendant's competency, but there was no stipulation to the contents and admission of the doctor's report for the determination of competency.
>
> Without further hearing or evidence, the court entered a written order finding that Defendant was competent, based solely upon the stipulations by the State and defense, and its own review of the doctor's report.

*Id.* (alterations in original). S.B. proceeded to trial and was found guilty of two crimes. *Id.*

On appeal, we acknowledged that if "the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone." *Id.* (quoting *Fowler v. State*, 255 So. 2d 513, 515 (Fla. 1971)). However, based on the facts of the case, we held:

> In the instant case, it is clear from the record that neither party stipulated to the contents and admission of the doctor's report. Nor was there any form of agreement between the parties and the judge to decide the issue of competency on the basis of the written report alone. Although it can be argued that by stipulating to the report's determination of competency, the parties stipulated to the report and agreed to determine competency based on the report alone, there is nothing in the case law to suggest that such implicit stipulations and agreements are sufficient to satisfy rule 3.212. *See, e.g., Fowler*, 255 So. 2d at 515; *Jones [v. State]*, 125 So. 3d [982, 983 (Fla. 4th DCA 2013)]; *Macaluso [v. State]*, 12 So. 3d [914, 915 (Fla. 4th DCA 2009)].

*Id.* at 530.

Similar to S.B., Hanna had also been found incompetent a few years prior, and the parties both stipulated to competency. Also similar, neither

party *specifically* stipulated to the *report*, but instead, plainly stipulated to the competency.

We therefore decline to find that Hanna inferably stipulated to the report, but instead, simply stipulated to his competency. The trial court's reliance on this stipulation was erroneous.

As the court stated in *Williams*, a new trial is not necessary, as long as the trial court, "in a manner that comports with due process," can "make a nunc pro tunc competency evaluation." 169 So. 3d at 223; *see also Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014) ("A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible."). This same will suffice here.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, J., and SMALL, LISA, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***