Per Curiam.
Daryl Brown appeals the denial of his post-conviction motion alleging in part that his trial counsel was ineffective for allowing him to proceed to trial despite a court-ordered competency evaluation having not been completed. Two court-ordered evaluations determined Brown was competent, but the trial court ordered a third competency evaluation. Thereafter, new counsel for Mr. Brown took over before trial, but was unaware of the previous order and was under the impression that, because of the results of the previous evaluations, and because his interactions with Mr. Brown led him to believe that Mr. Brown was competent to stand trial, no reason existed for another competency evaluation.
In denying Mr. Brown's post-conviction motion, the trial court concluded that the "two prior evaluations found that the Defendant was competent and the counsel's credible testimony that his personal interaction with the Defendant did not cause him any concern that the Defendant was incompetent to stand trial." It was error, however, to deny relief on the basis of the prior reports and counsel's personal interactions, which are not substitutes for the court-ordered competency report about which new counsel was unaware (he testified he reviewed Brown's file but that he "had a large caseload at that time so it is very possible that [he] missed something in there"). A third competency report would not have been ordered absent a basis for doing so; and a hearing should have been held thereafter. Under these circumstances, where a report was necessitated but never conducted and new counsel was unaware of the matter, a conditional reversal is required to determine whether a nunc pro tunc order of competency is possible. Brooks v. State , 180 So.3d 1094, 1095 (Fla. 1st DCA 2015) ("But there is nothing in the record to indicate an evaluation ever occurred, and after a new judge and new defense counsel were assigned to the case, no further requests for an evaluation appear to have been made.").
Accordingly, Mr. Brown's judgments and sentences are reversed pending further proceedings. On remand, the court may make a nunc pro tunc determination of competency finding that Mr. Brown was in fact competent at the time of his trial; if that finding cannot be made, the court shall make a present competency determination to stand trial, and if Mr. Brown is competent, conduct a new trial. See Pamphile v. State , 216 So.3d 765 (Fla. 1st DCA 2017) (reversing the defendant's judgments and sentences pending determination of competency on remand for failure to complete court-ordered competency evaluation). The trial court's post-conviction order is affirmed in all other respects.
REVERSED and REMANDED for further proceedings.
Lewis, Makar, and Osterhaus, JJ., concur.