DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCUS PITTMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4278

[ September 20, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 12-13755CF10A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

After a jury trial, appellant was acquitted of second degree murder but convicted of two counts of dealing in stolen property. We reverse and remand for a *nunc pro tunc* competency determination, if it is possible under the circumstances. As to all other issues raised, we affirm without further comment.

In June 2013, the trial court entered an order appointing an expert to determine appellant's competency to proceed. At the ensuing hearing, the trial court stated: "I have the competency report in the file. Says he's competent." The following exchange then took place:

> [DEFENSE COUNSEL]: I'll stipulate, right, Marcus?
>
> DEFENDANT: Yes.
>
> THE COURT: Well, he's competent.

However, the trial court did not enter a written order finding appellant to

be competent.

On appeal, appellant challenges the trial court's competency determination, arguing that the trial court erred by: (1) allowing the defense to stipulate as to his competency; (2) failing to hold a competency hearing or make an independent determination of competency; and (3) failing to enter a written order finding him to be competent.

The issue of whether a trial court fundamentally erred in failing to hold an adequate competency hearing is reviewed de novo. *Presley v. State*, 199 So. 3d 1014, 1017 (Fla. 4th DCA 2016).

A defendant cannot stipulate to the ultimate issue of competency, as the trial court has the duty to make an independent determination of the defendant's competency to proceed. *Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014). However, when the parties agree, the trial court may determine the issue of competency on the basis of written reports alone. *Id.* at 679. If the trial court finds the defendant competent to proceed, it must enter a written order so finding. *Id.* at 678.

"A status hearing may constitute a sufficient competency hearing if the court reviews a written competency evaluation at the parties' direction and makes an independent finding that the defendant is competent to proceed." *Presley*, 199 So. 3d at 1018. Moreover, "[t]he stipulation to determining the issue based on the expert's written reports may be inferred from the context." *Rumph v. State*, 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017).

For example, in *Charles v. State*, 223 So. 3d 318 (Fla. 4th DCA 2017), we held that, although there was not an express stipulation to decide the issue of competency solely on the basis of the expert's report, it was apparent from the record that the parties and the judge had agreed to decide the issue of competency on the basis of the written report alone.[1]

By contrast, where the parties have not agreed to decide the issue of competency on the basis of the expert's written report alone, it is error for a trial court to find the defendant competent based on the parties' stipulation to the defendant's competency. *See S.B. v. State*, 134 So. 3d 528, 529–30 (Fla. 4th DCA 2014) (holding that the trial court erred in

---

[1] In *Charles*, the parties never stipulated to the ultimate issue of competency, it was clear from the record that the trial court made an independent determination of competency based on the written report, and the parties declined the trial court's offer of addressing the competency issue further. *Id.* at 329–30.

finding the defendant competent based on the parties' stipulation to the defendant's competency and the court's own review of the doctor's report, as "neither party stipulated to the contents and admission of the doctor's report," and there was never "any form of agreement between the parties and the judge to decide the issue of competency on the basis of the written report alone"); *Hanna v. State*, 232 So. 3d 1026, 1027 (Fla. 4th DCA 2017) (holding that the trial court's reliance on the defendant's stipulation to his competency was erroneous, and declining to infer that the defendant stipulated to the contents of the report where "neither party *specifically* stipulated to the *report*, but instead, plainly stipulated to the competency").

The present case is governed by *S.B.* and *Hanna*. Here, the parties did not stipulate to the contents of the expert's report, and there was never any agreement between the parties to allow the judge to decide the issue of competency on the basis of the written report alone. Instead, appellant merely stipulated to the ultimate determination of competency. As our court has explained: "Although it can be argued that by stipulating to the report's determination of competency, the parties stipulated to the report and agreed to determine competency based on the report alone, there is nothing in the case law to suggest that such implicit stipulations and agreements are sufficient to satisfy rule 3.212." *S.B.*, 134 So. 3d at 530.

Additionally, it is unclear whether the trial court made an independent determination of appellant's competency. Although the record reflects that the trial court reviewed the expert's report and made the statement, "Well, he's competent," the trial court's finding of competency may have been based, at least in part, on appellant's stipulation to his own competency. On this record, it is impossible to tell whether the trial court truly made an independent determination of competency.[2]

In sum, under our court's case law, appellant's stipulation to his own competency did not constitute an agreement between the parties to allow the judge to decide the issue of competency on the basis of the written report alone. Thus, because the parties did not agree to decide the issue of competency on the basis of the written report alone and because it is unclear whether the trial court made an independent determination of appellant's competency, we reverse and remand for a *nunc pro tunc* competency determination, if it is possible. *See, e.g., Baker v. State*, 221

---

[2] We note that the judge who presided at trial was not the same judge who determined appellant's competency in 2013. Additionally, the trial judge who determined appellant's competency did not have the benefit of the Florida Supreme Court's decision in *Dougherty*.

3

So. 3d 637, 641–42 (Fla. 4th DCA 2017). If the trial court cannot make a retrospective competency determination or finds that appellant was incompetent to proceed, then the court must order a new trial.

*Affirmed in part, Reversed in part and Remanded with instructions.*

LEVINE and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**