DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCUS PITTMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-995

[July 29, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 12-13755CF10A.

George Edward Reres of ReresLaw, L.L.C., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Marcus Pittman ("the defendant") appeals for a second time the trial court's determination that he was competent to proceed to trial. In his first appeal, the defendant raised several substantive issues as well as the competency issue. We reversed solely on the competency issue, remanding the case for the trial court to determine *nunc pro tunc* whether the defendant was competent to proceed at the time of trial. *Pittman v. State* (*Pittman I*), 254 So. 3d 494, 497 (Fla. 4th DCA 2018).[1]

On remand, the trial court held a hearing to determine whether it could make a *nunc pro tunc* competency determination. After the hearing, the trial court entered an order finding the defendant competent at the time of

---

[1] We issued *Pittman I* before our en banc opinion in *Machin v. State*, 267 So. 3d 1098 (Fla. 4th DCA 2019), wherein we determined that the proper procedure in these types of cases is to temporarily remand the case to the trial court as opposed to reversing and remanding the case. We therefore proceed in accordance with the mandate in *Pittman I*. *See Zieler v. State*, 276 So. 3d 835, 835 n.1 (Fla. 4th DCA 2019).

trial.  However, the trial court's order did not reinstate the defendant's conviction or sentence.

The defendant now appeals the trial court's *nunc pro tunc* competency determination.  An order determining competency is not independently reviewable.  *See, e.g., Pamphile v. State*, 260 So. 3d 1185, 1185–86 (Fla. 1st DCA 2018).  Accordingly, until the trial court reimposes the original conviction and sentence, this Court lacks appellate jurisdiction to review the trial court's *nunc pro tunc* competency determination. *See Zieler*, 276 So. 3d at 836.

We dismiss the appeal with instructions that the trial court reimpose the original conviction and sentence.  The defendant need not be present when the trial court completes the ministerial task of reimposing the sentence.  *See Naugle v. State*, 244 So. 3d 1127, 1128 (Fla. 4th DCA 2018).

*Dismissed.*

FORST and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

2