DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSHUA ZELAYA,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

Nos. 4D20-2545 and 4D21-576

[March 24, 2021]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case Nos. 14-013583 CF 10A and 14-013938 CF 10A.

Joshua Zelaya, Lowell, pro se.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Joshua Zelaya petitions the court for relief based on ineffective assistance of appellate counsel in two separate cases. *See* Fla. R. App. P. 9.141(d). Zelaya claims counsel in each case should have argued that the trial court erred in failing to make an independent determination of his competency and enter a written order finding him competent to proceed after appointing an expert to evaluate his competency. We grant relief as to one case and afford Zelaya a new appeal, but we deny relief as to the other case because counsel in that case never sought a competency evaluation.

These petitions arise from two Broward County circuit court cases: 14-013938CF10A ("the attempted murder case") and 14-013583CF10A ("the robbery case"). In the attempted murder case, Zelaya was charged with attempted first-degree murder and robbery with a deadly weapon. In the robbery case, he was charged with three counts of robbery with a firearm, two counts of attempted robbery with a firearm, aggravated battery with a deadly weapon, and resisting arrest without violence. He was represented by separate counsel in each case.

In the attempted murder case, counsel filed a motion in December 2015 requesting a competency evaluation. The court appointed a doctor to conduct an evaluation and prepare a report before a January 2016 status hearing. According to Zelaya, counsel stipulated at the status hearing that he was competent to proceed based on the doctor's report, and the court accepted counsel's stipulation. But the hearing was never transcribed, and the court never entered a written order finding Zelaya competent to proceed. The case proceeded to trial and Zelaya was convicted of attempted first-degree murder and sentenced to a mandatory minimum of life as a prison releasee reoffender. We affirmed on appeal. *Zelaya v. State*, 270 So. 3d 480 (Fla. 4th DCA 2019).

In the robbery case, counsel never sought a competency evaluation. The case proceeded to trial and Zelaya was convicted of three counts of robbery with a weapon, two counts of attempted robbery with a weapon, aggravated battery with a deadly weapon, and resisting arrest without violence. He was sentenced to a 30-year mandatory minimum as a prison releasee reoffender. On appeal, we reversed the conviction and sentence for aggravated battery with a deadly weapon and directed the court to enter a judgment for the lesser included offense of battery, resentence Zelaya on that count only, and enter a corrected scoresheet. We otherwise affirmed. *Zelaya v. State*, 257 So. 3d 493 (Fla. 4th DCA 2018).

In these petitions, Zelaya argues that appellate counsel in each case was ineffective for failing to argue that the trial court erred in failing to make an independent determination of his competency and enter a written order finding him competent to proceed. He argues that both cases should be remanded for the court to determine his competency *nunc pro tunc* if possible and enter a written order or otherwise vacate his convictions and sentences.

Once the trial court appoints an expert to evaluate a defendant's competency, it has a duty to make an independent determination of his competency and enter a written order if it finds him competent to proceed. *See* Fla. R. Crim. P. 3.212(b); *Dougherty v. State*, 149 So. 3d 672, 677-78 (Fla. 2014); *Charles v. State*, 223 So. 3d 318, 328-29 (Fla. 4th DCA 2017). The defendant cannot stipulate to the ultimate issue of competency, because accepting such a stipulation absolves the court of its duty to make an independent determination, although the parties can agree to allow the court to make its determination on the basis of written reports alone instead of hearing testimony. *Dougherty*, 149 So. 3d at 677-78; *Charles*, 223 So. 3d at 329; *see also Pittman v. State*, 254 So. 3d 494, 496-97 (Fla. 4th DCA 2018) (remanding for further proceedings as to the defendant's

2

competency because the parties did not agree to decide the issue on the basis of the written report alone and it was unclear from the record whether the trial court made an independent determination of competency).

Here, as for the attempted murder case, the record reflects that the court appointed an expert to evaluate Zelaya's competency based on counsel's motion. But we cannot determine whether the court subsequently made an independent determination of Zelaya's competency because the status hearing was never transcribed and the court never entered a written order. Zelaya may be entitled to remand for further proceedings as to his competency if the transcript supports his claim that the court improperly accepted counsel's stipulation to the ultimate issue of competency. *See Pittman*, 254 So. 3d at 497; *Dubon v. State*, 295 So. 3d 259, 274-75 (Fla. 4th DCA 2020). And even if the transcript does not support his claim, he may be entitled to remand for the entry of a written order finding him competent to proceed. *See Charles*, 223 So. 3d at 330; *Drennan v. State*, 293 So. 3d 1063, 1064 (Fla. 4th DCA 2020). We therefore grant the petition in 4D20-2545 and afford Zelaya a new appeal in the attempted murder case limited to these issues.

As for the robbery case, the trial court did not have a duty to make an independent determination of Zelaya's competency or enter a written order finding him competent to proceed because counsel in that case never requested a competency evaluation and the court never appointed an expert. We therefore deny the petition in 4D21-576.

This opinion shall be filed with the lower tribunal and treated as a notice of belated appeal of the judgment and sentence in case number 14-013938CF10A, the attempted murder case. Upon receipt of the opinion, the clerk of the lower court shall certify a copy to this court in accordance with Florida Rules of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. The appeal shall be limited to whether the trial court erred in failing to make an independent determination of Zelaya's competency and enter a written order finding him competent to proceed. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If Zelaya qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.

*Petition in 4D20-2545 granted; petition in 4D21-576 denied.*

CIKLIN, GERBER and KUNTZ, JJ., concur.

3

*      *      *

*Not final until disposition of timely filed motion for rehearing.*