DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT CASTRO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0134

[February 11, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 2022CF001863 A.

Daniel Eisinger, Public Defender, and Siobhan H. Shea, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

After appellant was found competent to proceed, a trial judge ordered a new competency evaluation of appellant. Two years later, in front of another judge, appellant was found competent to stand trial based on the initial examination. The sole issue raised by appellant is whether the trial court erred in relying on the initial evaluation from 2022, when proceeding to trial in 2024. The state concedes this is error, and we agree. As such, we reverse and remand.

On November 11, 2022, a psychologist evaluated appellant and determined he was competent to proceed. At a competency hearing held on November 16, 2022, defense counsel raised concerns regarding appellant's presentation and ability to proceed. The trial court agreed that appellant did not appear competent, observed that he had "definitely decompensated," and granted defense counsel's request for an additional competency evaluation. No written order adjudicating appellant incompetent was entered at that time. The record reflects no subsequent competency evaluations, reports, or hearings following the November 16, 2022, hearing.

Nearly two years later, on October 25, 2024, a different trial judge entered a written order finding appellant competent to proceed to trial. The order stated that the court's determination was based on the stipulation of counsel for the court to review and consider appellant's competency based upon the contents of the November 11, 2022, evaluation. The record, however, contains no written or oral stipulation waiving a competency hearing or agreeing to rely solely on the evaluation from November 11, 2022.

Appellant proceeded to jury trial following the October 25, 2024, competency order. Appellant was charged with first-degree murder with a firearm in the death of his ex-girlfriend. Trial testimony indicated that appellant had gone to his ex-girlfriend's home to talk with her about reconciliation but, while there, a disagreement occurred. Appellant's ex-girlfriend threw a butter knife at appellant after he pushed her, and then she tried to go outside. Appellant followed his ex-girlfriend and saw her fumble with something in the dark. Believing it was a firearm, appellant shot his ex-girlfriend multiple times. Appellant called 911 and told the operator he had killed his ex-girlfriend. Appellant left the residence and went to a friend's apartment where he recounted what happened, saying he had messed up. After talking with his friend and family, appellant turned himself in to the police later that day.

During trial, appellant testified in his own defense and responded to questioning by the prosecutor and defense counsel. No expert testimony regarding competency was presented, and no witnesses testified regarding appellant's mental condition or ability to consult with counsel at the time of trial. The jury found appellant guilty as charged of first-degree murder, and he was sentenced to life imprisonment.

Whether the trial court complied with the procedural requirements governing competency determinations is reviewed de novo. *Presley v. State*, 199 So. 3d 1014, 1017 (Fla. 4th DCA 2016); *see also Pittman v. State*, 254 So. 3d 494, 496 (Fla. 4th DCA 2018). A trial court's ultimate competency determination must be supported by competent, substantial evidence. *Huggins v. State*, 161 So. 3d 335, 344 (Fla. 2014). A trial court's failure to conduct a required competency hearing constitutes fundamental error. *Pittman*, 254 So. 3d at 496; *Flaherty v. State*, 266 So. 3d 1187, 1188-89 (Fla. 4th DCA 2019).

Competency must be assessed based on the defendant's mental condition at the time of the proceedings. *Washington v. State*, 162 So. 3d 284, 289 (Fla. 4th DCA 2015). A competency determination is not

supported by competent, substantial evidence when it relies on evaluations that are not contemporaneous with trial. *Id.* at 289-90; *see also Bittle v. State*, 245 So. 3d 792, 794 (Fla. 4th DCA 2018).

Here, although the November 11, 2022, evaluation initially concluded appellant was competent, the trial court determined at the November 16, 2022, hearing that appellant did not appear competent and ordered an additional evaluation. No additional evaluation or competency hearing occurred or is part of this record.

Once a trial court orders an additional competency evaluation, that order reflects reasonable grounds to question the defendant's competency and triggers the obligation to complete the competency process before trial may proceed. *Brown v. State*, 250 So. 3d 764, 765 (Fla. 5th DCA 2018); *see also Flaherty*, 266 So. 3d at 1188 ("[W]hen a trial court orders an evaluation, it suggests there are reasonable grounds to believe the defendant is incompetent.").

When a trial court fails to conduct a proper competency hearing, the usual remedy is reversal and remand for a new trial. *Losada v. State*, 260 So. 3d 1156, 1163 (Fla. 3d DCA 2018). However, in some cases, a nunc pro tunc competency determination can be appropriate. *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014) ("A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible."). However, such a determination is permissible only where the trial court can make findings based on sufficient contemporaneous evidence without relying solely on a cold record and without violating due process. *Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986); *Pollard v. State*, 254 So. 3d 984, 986 (Fla. 4th DCA 2018).

Whether the circumstances permit a nunc pro tunc competency determination or instead require a new trial is a decision for the trial court to make on remand. *Saunders v. State*, 242 So. 3d 1149, 1151 (Fla. 4th DCA 2018). If the trial court determines that a retrospective competency evaluation cannot be conducted in a manner consistent with due process, it must grant a new trial. *Mason*, 489 So. 2d at 737; *see also Machin v. State*, 267 So. 3d 1098, 1101-02 (Fla. 4th DCA 2019) (providing that there are multiple potential paths on remand, first dependent on whether a nunc pro tunc evaluation is possible, and then dependent on whether the defendant was competent at the time of evaluation or whether the defendant is presently competent).

Accordingly, we reverse and remand for the trial court to initially

determine whether a nunc pro tunc competency evaluation is feasible. Only if the trial court determines that a nunc pro tunc competency evaluation is not feasible, or determines that appellant was not competent at the time of trial, would the court grant appellant a new trial.[1] *See Brown*, 250 So. 3d at 765; *Mason*, 489 So. 2d at 737.

*Reversed and remanded with instructions.*

CIKLIN and SHAW, JJ., concur.

*       *       *

***Not final until disposition of timely-filed motion for rehearing.***

---

[1] Before proceeding to a new trial, the court must additionally make a finding of competency at the time of the new trial.