319 So.2d 85 (1975)
Wilbur P. BOLIUS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-22.
District Court of Appeal of Florida, Second District.
September 19, 1975.
James A. Gardner, Public Defender, Sarasota, and Harold H. Moore, Asst. *86 Public Defender, Bradenton, and Richard J. Cole, II, Legal Intern, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was originally charged with three counts of robbery, two counts of rape, one count of assault with intent to commit murder in the first degree and one count of using a firearm in the commission of a felony. At first, he pled not guilty to all offenses. Then, as part of a plea bargain, the charge of using a firearm in the commission of a felony was dropped and he entered a guilty plea to all other charges. He was sentenced to five concurrent 25-year terms and one concurrent 15-year term. No appeals were taken from these judgments. Thereafter, appellant filed a petition for writ of habeas corpus in the trial court which was treated as a motion for post-conviction relief under Rule 3.850, RCrP. This is an appeal from the denial of that motion.
At the time the charges were pending against him, appellant moved for a sanity inquisition. This motion was denied. However, shortly thereafter the court entered an order directing that Dr. Meadows conduct an examination of appellant's mental condition. This psychiatrist reported that "even without being under the influence of marijuana and wine, I would consider Mr. Bolius incompetent to stand trial or assist in his defense... ." At the time appellant entered his negotiated pleas, his counsel made the following statement:
"There is one announcement I should make for the Court's benefit and for the record. In the preparation of the defense in this case, we had Dr. Meadows examine Mr. Bolius. His report, I believe, is in the file, because we did file a notice of intention possibly to rely on the defense of insanity.
"Dr. Meadows indicates that Mr. Bolius may be incompetent presently and he may have been incompetent at the time of the offense. However, Dr. Merin has also examined Mr. Bolius, and my information is that he has found him competent presently to enter this plea, and also his opinion is that he was competent at the time of these offenses.
"I talked again to Wilbur, and he understands if he enters these pleas and they will be accepted by the Court, that he will be waiving the possible defense of insanity."[1]
The court then conducted a comprehensive interrogation of the appellant directed toward determining whether his pleas were being voluntarily entered with a full understanding of their significance. Part of the colloquy included the following questions and answers:
"Q. Specifically, do you understand that you are giving up any possible defense that you would have relative to insanity or not knowing what you were doing or anything else at the time of the offense?
"A. Yes, sir.
"Q. And you discussed that fully with Mr. Myers?
"A. Yes, sir, I have."
Appellant stated that he had never been treated for any type of mental illness or mental disability. The court ultimately accepted the pleas and sentenced the appellant in accordance with the plea bargain.
The thrust of appellant's motion for post-trial relief is that where the record *87 reflected doubt as to his competency to stand trial, the court erred in failing to conduct a formal insanity hearing pursuant to Rule 3.210(a), RCrP, prior to accepting the guilty pleas. Appellant argues that absent a determination that he was competent to stand trial, his pleas were a nullity.
In Fowler v. State, Fla. 1971, 255 So.2d 513, the defendant filed a "motion for appointment of expert witnesses" in which he requested a hearing under Rule 1.210(a), RCrP (now Rule 3.210(a)). In response to the motion, the court appointed two psychiatrists who both submitted written reports to the effect that the defendant was not competent to stand trial. The state then obtained the appointment of a third expert who concluded that defendant was competent to stand trial. The court then entered an order in the presence of counsel finding defendant competent to stand trial, but no formal hearing was held prior to the entry of the order. The Supreme Court held that the trial judge should have held a hearing pursuant to Rule 1.210(a), RCrP, because the two medical reports clearly constituted reasonable grounds to believe the defendant insane. However, the court went on to say:
"Our decision on this issue is not to be construed as making the hearing requirement non-waivable, even in situations where reasonable grounds to believe defendant insane exist. In the recent case of Brown v. State, 245 So.2d 68, 70 (Fla. 1971), involving a similar situation, this Court, speaking through Justice Adkins, stated:
`Defendant then requested further examination by experts. The Court, in entering an order finding the Defendant sane and capable of standing trial, recited that the reports of the experts previously appointed to examine the Defendant had been examined, and that the attorney for Defendant had announced that he had no testimony to offer and did not wish to cross-examine the experts who rendered the written reports. The Court in its order also found that no useful purpose could be served by any further examination.'
"We concur that where the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone. But where, as here, there are reasonable grounds to believe defendant insane, and defense counsel requests a hearing, it is error not to provide such a hearing."
In the case sub judice, while Dr. Meadows' report provided reasonable grounds to believe the defendant insane, defense counsel did not request a formal hearing and took a position totally inconsistent with the need for having such a hearing. Under these circumstances, the requirement of a formal sanity hearing at which the doctors would appear was waived.
The existence of the medical report questioning appellant's sanity made it incumbent upon the judge to particularly ascertain appellant's mental capacity to enter a plea. He was assisted in this regard by the fact that appellant was personally present throughout the proceeding. The record amply supports the determination to permit the plea to be made.
Appellant's conclusionary allegations of incompetence of counsel are without merit. The mere fact that appellant's counsel participated in the entering of the pleas cannot be said to reflect incompetence. While presumably Dr. Meadows would have testified that appellant was insane, there was a difference of medical opinion upon this question, and the appellant was obtaining some benefits by virtue of entering into the plea bargain.
Affirmed.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] While Dr. Merin's report is not included in the record, we think it may be presumed that he was of the opinion that appellant was competent to stand trial.