375 So.2d 604 (1979)
Jeffrey L. BOGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1508.
District Court of Appeal of Florida, Second District.
October 3, 1979.
*605 Jack O. Johnson, Public Defender, James R. Wulchak, Asst. Public Defender, and Charles L. Stutts, Legal Intern, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
OTT, Acting Chief Judge.
After a rather protracted history of criminal and mental aberration, appellant was charged with the commission of two burglaries, which also triggered proceedings to revoke his probation on two previous burglary convictions. Appellant filed sanity inquisition motions in all the proceedings. We find error in the lower court's denial of this sanity inquisition.
The Pinellas County Commission Consulting Psychiatrist to the County Jail notified the public defender that he had examined the appellant and found he did not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, nor to have a rational and factual understanding of the proceedings against him. Thereupon the public defender moved the circuit court, under Fla.R. Crim.P. 3.210(a)(2), to appoint experts to examine and report on appellant's competency to stand trial. Copies of reports detailing appellant's mental history back to 1973, including the consultant psychiatrist's report after his latest arrest, were appended to the motion. The motion was denied, whereupon appellant entered a plea of nolo contendere, reserving his right to prosecute this appeal from the denial of his motion. Appellant was sentenced to two concurrent five year terms on the earlier convictions and two additional and consecutive five year terms.
We think the circuit judge had no alternative but to order the requested inquisition. As we understand Rule 3.210, once a court is presented with "reasonable grounds to believe" that a defendant before the court is not mentally competent to stand trial or be sentenced, the court is obligated to grant a proper motion for a sanity inquisition. Bolius v. State, 319 So.2d 85 (Fla. 2d DCA 1975). The rule does not require the court to order an examination only if the court "reasonably believes" that the defendant is not mentally competent.
In other words, the process is not one in which the court weighs whatever evidence is before it and then orders the examination only if it is persuaded that the defendant in fact is mentally incompetent. To our minds it would be anomalous to require the court to reach such a conclusion without the benefit of the very evidence sought by the motion.
While it is true that in the case at bench there was evidence from which the circuit judge could reasonably conclude that appellant was not insane at the time of trial, within the McNaughton definition, still the positive unequivocal opinion of the consultant psychiatrist constituted reasonable grounds for believing that appellant might not be mentally competent to stand trial and thus the motion could not be denied.
The judgments and sentences of the circuit court are reversed and the case remanded for a full hearing to determine appellant's mental competence to stand trial, and thereafter such further proceedings as may be necessary or appropriate.
RYDER and DANAHY, JJ., concur.