COWART, Judge.
Appellant, a dependent child with a history of psychiatric treatment and hospitalization, ran away before his first adjudicatory hearing on delinquency charges relating to stealing $1.25 from a vending machine. He was apprehended and placed in a detention home. He wanted to return to a hospital. On the night before his second scheduled adjudicatory hearing, he pounded on the walls, threatened suicide and scratched his wrists and knuckles. He was taken to the hospital and examined and found “probably a manipulator” and returned to the detention home. Next day at the adjudicatory hearing, the judge, after questioning the child, denied a motion for a continuance made on the ground that the child was not competent to stand trial as the result of his suicide attempt. The child later testified in his own behalf admitting his involvement. The court found him delinquent (a second degree misdemeanor with a maximum of 60 days of commitment or control) and disposed of the case by releasing the child from detention, returning him to the children’s home, and directing continued mental health treatment.
Florida Rule of Juvenile Procedure 8.170(a)(1) provides in part:
If ... the court has reasonable grounds to believe the child ... may be incompetent to proceed with an adjudicatory hearing, the court shall immediately stay the proceedings and fix a time for a hearing for the determination of the child’s mental condition.
*1318 The public defender, citing Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 876, 43 L.Ed.2d 103 (1975), argues that the child’s psychiatric history, coupled with the claimed suicide attempt constitutes, as a matter of law, reasonable grounds to believe the child to be incompetent to stand trial and required the trial court to stay the adjudicatory hearing and set a separate competency hearing.
In Drope v. Missouri, supra, Drope was accused of assisting in the forcible rape of his own wife. She testified that he also tried to kill her a few days before the trial. During an over-night recess, Drope shot himself and the trial was completed in his absence. In reversing Drope’s conviction, the United States Supreme Court held that too little weight had been given these particular facts especially the fact that Drope’s absence prevented the trial court from observing him to gauge if he was able to cooperate with his counsel and to understand the nature and object of the proceedings.
We recognize that in a given case, such as Boggs v. State, 375 So.2d 604 (Fla. 2d DCA 1979), where there was a positive unequivocal uncontradicted opinion of a psychiatrist relating directly to the accused’s competency to stand trial, the trial court may have compelling evidence of a reasonable ground for believing one might not be mentally competent to stand trial; however, in other cases, the matter is not that clear. For example, in this case, as generally, there is uncertainty as to whether suicide attempts evidence inability to perceive reality and to reason logically; there is also no certain relationship between mental illness or instability and incompetence to stand trial. The relationship can depend on the nature of the particular charges and the trial as well as on the mental condition of the accused. There may be serious questions as to the motive and sincerity of any alleged suicide attempt.
In this particular case, the trial court had before it much evidence as to the background of the mental and emotional problems of the child and had an ample opportunity to observe the child’s demeanor and comprehension and upon such evidence and observation made a decision that the facts presented did not reasonably require a separate further hearing that the child was mentally incompetent to stand trial. The grounds urged to suggest that the child may have been incompetent presented a mixed question of fact and law and the trial judge’s decision is entitled to great weight. We hold that under the circumstances presented in this particular case the trial court did have discretion to evaluate the grounds presented to it and was not required, as a matter of law, to stay the adjudicatory proceedings and make further inquiry as to competency in a separate hearing. Accordingly, the adjudication and disposition are
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.