428 So.2d 321 (1983)
Jerry WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. AL-71.
District Court of Appeal of Florida, First District.
March 17, 1983.
Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Walker appeals judgments of guilty for burglary and grand theft. We affirm.
There is ample evidence to support the jury's verdict. Walker's palm print was found on the window sill of the burglarized dwelling. He was seen fleeing the apartment where stolen goods were recovered. Other stolen property was recovered from his father. Walker's version of the events was contradicted as to the time of the offense. A jury could reasonably disbelieve Walker. No error was made in denying motions for a judgment of acquittal. McArthur v. State, 351 So.2d 972, 976 n. 13 (Fla. 1977).
The standard jury instruction on burglary does not call for conviction of a defendant who is merely present at the scene of the crime. Walker's proposed instruction added nothing to the standard instructions and its denial was not error.
When a suggestion of incompetence to stand trial was made at the close of the State's case, the trial court's duty was to determine whether reasonable grounds to interrupt the trial for an examination were present. Scott v. State, 420 So.2d 595 (Fla. 1982). The record supports the conclusion that such grounds were not present.
AFFIRMED.
ERVIN and THOMPSON, JJ., concur.