WIGGINTON, Judge.
Baranko appeals from a two-year sentence imposed following this Court’s previous affirmance of his conviction but vacating the initial sentence and remanding for a new sentencing hearing.[1]
Upon remand, both Baranko and his counsel filed notices of intent to reclaim insanity as a defense to sentencing. At the sentencing hearing, defense counsel argued that appellant was suffering from an antisocial personality disorder and as such should be provided an independent examination to determine his sanity before sentencing. Baranko submitted that in addition to the several psychiatrists being in accord that he suffered from passive aggressive personality, the prison considered him a psychiatric patient and housed him in a psychiatric cell. He suggests that even though this evidence does not conclusively show him to be insane, it does show abnormal behavior and provides sufficient grounds requiring the court to appoint experts to determine his sanity at the time of sentencing, citing Rule 3.740, Florida Rules of Criminal Procedure.
In denying further psychiatric examination of Baranko, the trial judge stated that he had reviewed the medical reports and the psychological report which was requested and ordered by the court prior to trial; that the court found appellant still presumed to be sane and from the court’s observations of appellant, as well as the court’s knowledge of various pleadings that appellant filed and correspondence appellant exchanged, it concluded that there was not sufficient proof of insanity before the court and that appellant was competent and did not meet the legal standard of insanity to preclude sentencing.
Section 916.12(1), Florida Statutes (1981), provides:
A person is incompetent to stand trial ... if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or if he has no rational, as well as factual, understanding of the proceedings against him.
Baranko clearly would not meet that description. He obviously understood the proceedings, evidenced no difficulty in conferring rationally with his counsel and finally persuaded the trial judge that he should *325 take over the defense of his case without further assistance of the public defender. Although Baranko’s legal skills may be questioned, his sanity was not shown by him to be other than intact.
Appellant’s reliance upon Boggs v. State, 375 So.2d 604 (Fla. 2d DCA 1979) is misplaced. In Boggs, the jail psychiatrist had notified the public defender that the defendant did not have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and did not understand the proceedings against him. That situation is not present here.
Criminal Rule 3.740 provides that if the court has reasonable ground to believe the defendant is insane it should hold a hearing to determine the defendant’s mental condition. The ordered sentencing hearing afforded Baranko the opportunity to present new evidence and additional reports. We agree with the trial judge as the record fully supports his conclusion that Baranko’s presentation was fatally inadequate to establish reasonable grounds necessitating further proceedings under Rule 3.740.
Accordingly, the trial court’s imposition of sentence is affirmed.
BOOTH and NIMMONS, JJ., concur.

. Baranko v. State, 406 So.2d 1271 (Fla. 1st DCA 1981).