442 So.2d 357 (1983)
Milton R. KOTHMAN, Appellant,
v.
STATE of Florida, Appellee.
No. AR-428.
District Court of Appeal of Florida, First District.
December 8, 1983.
*358 Charles G. Brackins of Meldon & Brackins, Gainesville, for appellant.
Jim Smith, Atty. Gen. and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
This is an appeal of a judgment and sentence for possession of less than 28 grams of cocaine and possession of more than 20 grams, but less than 100 pounds of cannabis. Appellant contends that the trial court erred in denying his motion to determine competence to stand trial and in denying his motion for mistrial after the State adduced evidence from which an inference could be drawn that appellant previously had been charged with criminal activity. We agree that the court erred in denying the motion to determine competence to stand trial.
Kothman moved for a continuance on the grounds that he was hospitalized and unable to assist in preparation of his defense or testify at trial due to certain physical disabilities. At a hearing held on the motion, Kothman's physician, Dr. Pate, said that at that time Kothman was not fully in command of his faculties so as to be able to participate in his defense and that his ability to recall was impaired. He based his opinion on Kothman's inability to recall certain details as to his history and his frequent blackouts due to alcoholism. Dr. Pate thought it would take a week to ten days in order to detoxify Kothman and fourteen to twenty-eight days for him to be able to function adequately. Based on Dr. Pate's testimony, Kothman's counsel sought a thirty day continuance in order to determine if he would be able to help with his defense. Trial was scheduled to take place in four days. The court denied the motion for continuance. Subsequently, defense counsel moved pursuant to Fla.R. Crim.P. 3.210(b)(1) for a determination of Kothman's competence to stand trial, again basing the motion primarily on Dr. Pate's testimony. The court asked defense counsel if it was his position that Kothman was presently insane and defense counsel replied that he did not contend Kothman was insane. The court refused to set a hearing to determine Kothman's competency to stand trial. In doing so, the trial court erred.
*359 Fla.R.Crim.P. 3.210 governs the procedure for raising the issue of competence to stand trial. Rule 3.210(b) provides:
If before or during the trial the court of its own motion, or upon motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to stand trial, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition ... and shall order the defendant to be examined by no more than three nor fewer than two experts prior to the date of said hearing.
As appellant correctly asserts, the test for competence to stand trial is not whether a defendant is insane, but "whether a defendant has sufficient present ability to consult with and aid his attorney in the preparation of a defense with a reasonable degree of understanding," Ferguson v. State, 417 So.2d 631 (Fla. 1982). More importantly, however, in determining whether to call for a hearing pursuant to Rule 3.210(b), the test is "whether there is reasonable ground to believe the defendant may be incompetent, not whether he is incompetent," Scott v. State, 420 So.2d 595 (Fla. 1982) citing Walker v. State, 384 So.2d 730 (Fla. 4th DCA 1980) (emphasis in original); Walker v. State, 428 So.2d 321 (Fla. 1st DCA 1983); Boggs v. State, 375 So.2d 604 (Fla. 2d DCA 1979). Once the judge is presented with reasonable grounds to believe a defendant may not have sufficient present ability to consult with his attorney and aid in the preparation of his defense with a reasonable degree of understanding, as the court was in this case, he must order a hearing and examination pursuant to Rule 3.210. Id. The issue in this case is not, as appellee contends, whether there was competent substantial evidence from which the judge could conclude Kothman was competent to stand trial.
Appellant also contends the trial court erred by permitting the State to adduce a statement from an evidence technician that Kothman's fingerprint card could not be located because Texas authorities wanted identification information on Kothman due to a failure to appear warrant issued by that authority, thus the card had been sent to Texas. Appellant argues this reference to an outstanding warrant was as harmful if not more harmful in terms of inferring criminal propensity than reference to a specific previous crime. For purposes of retrial we note the error in the admission of such evidence, but conclude that given a proper objection and preservation of the issue for review, it would have been harmless and not reversible error under the circumstances of this case.
REVERSED and REMANDED for further proceedings in light of this opinion.
ERVIN, C.J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.