GUNTHER, Judge.
The defendant appeals his conviction and sentence for kidnapping and sexual battery. He maintains the trial court committed reversible error when it appointed only one expert to examine him with respect to the issue of his competency to stand trial. We agree.
During trial, counsel for defendant moved to have the defendant examined on the ground that he believed the defendant was not mentally competent to stand trial. Apparently, the trial court agreed with defense counsel because she appointed an expert to examine the defendant before the trial resumed the next day pursuant to Rule 3.210 of the Florida Rules of Criminal Procedure and also ordered that the expert furnish the court with a report concerning the issue of defendant’s competency pursu *26 ant to Rule 3.211 of the Florida Rules of Criminal Procedure. As required by Rule 3.210, the trial court set the hearing to determine defendant’s mental condition for the next day at 10:30 a.m.
The next day the trial court commenced the 10:30 a.m. hearing with the following statement: “Please note pursuant to Court order and on the Court’s own motion, joined in with at that point also by defense counsel, we had Mr. Graydon examined to determine his competency. And each of you received a copy of the report, correct?”
This statement indicates the trial court considered itself to have made its own motion under Rule 3.210 and to have accordingly ordered that the defendant be examined by an expert to determine his competency. Thus, the record reveals that the trial court by its actions of ordering an examination and a report under Rules 3.210 and 3.211, had obviously concluded that there existed reasonable ground to believe the defendant was not mentally competent to stand trial. If after appropriate motion, a trial court concludes that there is reasonable ground to believe a defendant is not competent to stand trial, then the trial court must comply with Rules 3.210 and 3.211 of the Florida Rules of Criminal Procedure. Kothman v. State, 442 So.2d 357 (Fla. 1st DCA 1983); Rolle v. State, 493 So.2d 1089 (Fla. 4th DCA 1986).
Rule 3.210 states, inter alia, the trial court shall order the defendant to be examined by no more than three or fewer than two experts prior to the competency hearing. In the instant case, the court set a hearing date to determine the defendant’s mental condition but failed to follow the mandatory language of Rule 3.210 by not appointing two experts to examine the defendant on the issue of his competency to stand trial. The failure of the trial court to appoint two experts to examine the defendant constituted reversible error. See Rothman v. State, 442 So.2d 357 (Fla. 1st DCA 1983). Therefore, the conviction is reversed, the sentence vacated, and the matter remanded for a new trial.
DOWNEY and ANSTEAD, JJ., concur.