SCHWARTZ, Chief Judge.
Although he made no such complaint below, the defendant now claims error in the fact that the trial court, upon an appropriate suggestion of incompetency to stand trial, appointed only one examiner to render an evaluation[1] rather than the two provided by Florida Rule of Criminal Procedure 3.210. Because the number of examiners is merely a non-fundamental procedural matter — unlike, for example a total failure to determine competence by failing to secure any expert opinion whatever, Scott v. State, 420 So.2d 595 (Fla.1982)— we hold that the failure to bring the deviation from the rule to the trial court’s attention effected a waiver of the contention. Castor v. State, 365 So.2d 701 (Fla.1978); De La Cova v. State, 355 So.2d 1227 (Fla. 3d DCA 1978), cert. denied, 361 So.2d 831 (Fla.1978); Page v. State, 412 So.2d 454 (Fla. 2d DCA 1982); 3 Fla.Jur.2d Appellate Review §§ 293, 300-301 (1978). We do not read Graydon v. State, 502 So.2d 25 (Fla. 4th DCA 1987), to hold otherwise. If we are wrong about this, we think Graydon is wrong.
There is no other error.
Affirmed.

. The appointed psychiatrist found Valdez fully competent. No point is made of the trial court’s ensuing determination to that effect.