531 So.2d 1347 (1988)
Mario D'OLEO-VALDEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 71760.
Supreme Court of Florida.
October 13, 1988.
*1348 Susan S. Lerner, Sp. Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., Miami, for respondent.
GRIMES, Justice.
We have accepted jurisdiction to review D'Oleo-Valdez v. State, 516 So.2d 1125 (Fla. 3d DCA 1987), because of apparent conflict with Graydon v. State, 502 So.2d 25 (Fla. 4th DCA 1987). Art. V, § 3(b)(3), Fla. Const.
D'Oleo-Valdez was charged with trafficking in cocaine. The court appointed a psychiatrist to examine his mental competency to stand trial. Following the examination, the psychiatrist reported that D'Oleo-Valdez was competent to stand trial. Defense counsel raised no objection regarding the report. D'Oleo-Valdez was convicted as charged.
On appeal, D'Oleo-Valdez argued that the failure to appoint a second expert to examine his mental competency was reversible error. The Third District Court of Appeal held that the error had been waived by the failure to object.
Florida Rule of Criminal Procedure 3.210(b) provides:
If before or during the trial the court of its own motion, or upon motion of counsel for the defendant or for the State, has reasonable ground to believe that the defendant is not mentally competent to stand trial, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than three nor fewer than two experts prior to the date of said hearing.
Thus, there is no doubt that the trial judge erred in failing to appoint at least two experts.
Normally, the failure to object to error, even constitutional error, results in a waiver of appellate review. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). The exception is fundamental error, or error that "goes to the foundation of the case or goes to the merits of the cause of action." Clark v. State, 363 So.2d 331, 333 (Fla. 1978). Moreover, "for error to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process." Ray v. State, 403 So.2d 956, 960 (Fla. 1981).
While it is true that due process demands that a criminal defendant be psychiatrically evaluated if there is reason to doubt his competency, Scott v. State, 420 So.2d 595 (Fla. 1982), there is no constitutional right to two evaluations. In Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), a statute requiring only one expert psychiatric evaluation was declared "constitutionally adequate to protect a defendant's right not to be tried while legally incompetent." Id. at 173, 95 S.Ct. at 904.
We hold that the failure to appoint a second expert to examine the defendant's mental competency to stand trial is not fundamental error. It is procedural in nature and does not go to the foundation of the case or to the merits of the cause of action.
Conflict was predicated upon the decision in Graydon that failure to appoint a second expert to determine the defendant's competency to stand trial was reversible error. This proposition is true, as far as it goes, but the opinion is silent as to whether defense counsel objected. We disapprove of Graydon only to the extent that it may be inconsistent with this opinion. We approve the decision of the court below.
It is so ordered.
*1349 EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.