NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CODY SHANE HOLLAND,  )
  )
   Appellant,  )
  )
v.  )  Case No. 2D14-2881
  )
STATE OF FLORIDA,  )
  )
   Appellee.  )
  )
_____  )

Opinion filed February 5, 2016.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jason M. Miller,
Assistant Attorney General, Tampa, for
Appellee.


CRENSHAW, Judge.

   Cody Shane Holland appeals his conviction and sentence for burglary of

an unoccupied dwelling. We affirm the conviction and sentence. Because the trial court

made an oral determination that Holland was competent but failed to render a written

order to that effect we must remand the case to the trial court for entry of a nunc pro tunc order finding Holland competent to stand trial.

Holland argues that he was deprived of due process because the trial court failed to make an independent determination that Holland was competent to proceed with trial and instead allowed counsel to stipulate to Holland's competency. We disagree. First, Holland was never determined to be incompetent. The record reflects that after counsel filed a suggestion of incompetency as to Holland, the trial court appointed two experts who each submitted written reports indicating Holland was competent to proceed. At Holland's competency hearing, with Holland present, the court considered the experts' reports, the statements of defense counsel, and Holland's demeanor. See Dougherty v. State, 149 So. 3d 672, 678 (Fla. 2014) (reasoning that a defendant cannot stipulate to his own competency even where the experts' written reports agree because "[e]ven in a situation where all the experts opine that a defendant is competent, the trial court could presumably disagree based on other evidence such as the defendant's courtroom behavior or attorney representations"). The court then made an oral determination that it was "adopt[ing] the findings that both the doctors indicate he's competent, he understands the proceedings, [and] he understands his lawyer . . . ." See Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971) ("[W]here the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the [experts'] written reports alone.").

Although defense counsel indicated at the close of the competency hearing that he would prepare a written order memorializing the trial court's oral determination, the record contains no such order. Florida Rule of Criminal Procedure

3.212(b) mandates the entry of a written order of competency.  <u>See</u> <u>Dougherty</u>, 149 So. 3d at 677.  Accordingly, we remand the case to the trial court for entry of a nunc pro tunc order finding Holland competent to stand trial.  <u>See</u> <u>Hampton v. State</u>, 988 So. 2d 103, 106 (Fla. 2d DCA 2008); <u>Corbitt v. State</u>, 744 So. 2d 1130, 1130 (Fla. 2d DCA 1999).

Affirmed; remanded with directions.


KELLY and KHOUZAM, JJ., Concur.