IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RHODERICK LEWIS,

       Appellant,

v.

STATE OF FLORIDA,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4006

Opinion filed April 27, 2016.

An appeal from the Circuit Court for Escambia County.
Ross M. Goodman, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, and Rhoderick Lewis, pro se, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahasee, for Appellee.

PER CURIAM.

      Appellant seeks review of his judgment and sentence for various offenses following his nolo contendere plea. He contends that the trial court erred in accepting his plea without conducting a competency hearing to determine that his

competency had been restored. Based on the state's proper concession of error, we reverse and remand.

The trial court previously declared Appellant incompetent. Thereafter, the parties stipulated to Appellant's competency, and Appellant pled nolo contendere and was sentenced to a lengthy prison term. Appellant timely filed a motion for postconviction relief in which he raised the issue of his competency. The trial court found that accepting the stipulation of competency was error and vacated Appellant's judgment and sentence. Approximately six months later, in November 2012, after Appellant again pled nolo contendere, the trial court accepted the plea and imposed the same sentence. Although the trial court had ordered a competency evaluation of Appellant several months before the second plea and sentencing hearing, the record does not reflect that the court held a competency hearing, reviewed the expert evaluation, or entered a written order determining Appellant's competency prior to the resentencing hearing.

Once a defendant is declared incompetent, no material stage of a criminal prosecution, including entry of a plea and sentencing, may proceed. See Dougherty v. State, 149 So. 3d 672, 677-78 (Fla. 2014); Ross v. State, 155 So. 3d 1259 (Fla. 1st DCA 2015); Fla. R. Crim. P. 3.210. Therefore, because the trial court did not follow the required procedures for declaring Appellant competent to enter his plea and to be sentenced, Appellant's judgment and sentence must be

2

reversed. On remand, the trial court must hold a hearing to determine Appellant's competency to proceed. If evidence existing at the time of the plea supports a finding that Appellant was competent in November 2012 when he entered his second plea and was resentenced, then the trial court may make a retroactive determination of competency with no change to Appellant's judgment and sentence. See Dougherty, 149 So. 3d at 679. If the trial court cannot make this determination, it must conduct a proper determination of Appellant's competency and, if the court finds Appellant competent, the case must proceed to trial or a new plea. See id.; Brooks v. State, 180 So. 3d 1094 (Fla. 1st DCA 2015); Cotton v. State, 177 So. 3d 666 (Fla. 1st DCA 2015); Reynolds v. State, 177 So. 3d 296 (Fla. 1st DCA 2015).

REVERSED and REMANDED with instructions.

WOLF, WETHERELL, and KELSEY, JJ., CONCUR.