IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LESLIE RICHARD HENDRIX,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2924

Opinion filed October 6, 2017.

An appeal from the Circuit Court for Escambia County.
Darlene Dickey, Judge.

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

WINOKUR, J.

      Leslie Richard Hendrix appeals the judgment and sentence imposed after pleading guilty to felony battery. He argues that the trial court failed to follow the proper competency procedures and failed to enter a written order finding him

competent to proceed before permitting him to enter a guilty plea. We remand for the trial court to enter a written order of competency nunc pro nunc, but otherwise affirm.

Three experts, Drs. Doenlen, Benson, and Gilgun, evaluated Hendrix's competency to proceed. Dr. Benson and Dr. Gilgun found Hendrix competent to proceed. On May 4, 2016, the trial court accepted Hendrix's open plea to felony battery. At the outset of Hendrix's sentencing hearing on June 16, 2016, the trial court stated the following:

> Before we proceed, I realized when I was preparing for sentencing that I did not specifically state on the record at the time I accepted [Hendrix's] plea that there have been evaluations completed by both Dr. Gilgun and Dr. Benson. The Court has read them and both doctors find [Hendrix] competent.
>
> I do find based upon the information in the reports that their opinions are based on competent, substantial evidence. So the Court does find that [Appellant] is competent and was competent at the time that I accepted his plea.

The trial court asked defense counsel, "Anything else on that issue?" and defense counsel replied, "No, judge." The trial court did not enter a written order adjudicating Hendrix competent. Hendrix was then sentenced to five years imprisonment.

Hendrix's challenge to the adequacy of the competency procedures is raised for the first time on appeal, and is subject to review for fundamental error. *See*

2

*Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014). Error is fundamental if it "goes to the foundation of a case" and amounts to a denial of due process. *D'Oleo-Valdez v. State*, 531 So. 2d 1347, 1248 (Fla. 1988).

Under Florida Rule of Criminal Procedure 3.210, "[o]nce a defendant is declared incompetent, no material stage of a criminal prosecution, including entry of a plea and sentencing, may proceed." *Lewis v. State*, 190 So. 3d 208, 209 (Fla. 1st DCA 2016). Once the court has reasonable grounds to question the defendant's competency, the court has no choice but to conduct a hearing. *Brooks v. State*, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015) (quoting *Cotton v. State*, 177 So. 3d 666, 668 (Fla. 1st DCA 2015)). The trial court is required to make an independent determination that the defendant is competent to proceed, and cannot rely on a stipulation of the defendant or his counsel that defendant is competent to proceed. *Dougherty*, 149 So. 3d at 678. The trial court's order must also be reduced to writing. Fla. R. Crim. P. 3.212(b); *Mullens v. State*, 197 So. 3d 16, 37–38 (Fla. 2016).

"'[W]here the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone.'" *Dougherty*, 149 So. 3d at 677–78 (quoting *Fowler v. State*, 255 So. 2d 513, 515 (Fla. 1971)). However, "reports of experts are 'merely advisory to the [trial court], which itself retains the responsibility of the decision.'" *Hunter v. State*, 660 So. 2d 244, 247 (Fla. 1995) (quoting *Muhammad v. State*, 494 So. 2d 969, 973 (Fla. 1986)). "[W]hen the experts'

3

reports or testimony conflict regarding competency to proceed, it is the trial court's responsibility to consider all the relevant evidence and resolve such factual disputes." *Alston v. State*, 894 So. 2d 46, 54 (Fla. 2004).

The trial court cannot accept a stipulation of competency. *Dougherty*, 149 So. 3d at 678. "The parties may stipulate to deciding competency based on the written expert reports rather than live expert testimony, but the defendant and the other parties may not stipulate to competency itself, particularly when the defendant was previously adjudicated incompetent, as the trial court must make an independent determination on the issue." *Rumph v. State*, 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017). However, a new trial "is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial or hearing." *Reynolds v. State*, 177 So. 3d 296, 298 (Fla. 1st DCA 2015).

Hendrix argues that the trial court could not rely on the reports of Dr. Gilgun and Dr. Benson because they were never admitted into evidence. His failure to object to the court's consideration of the reports, Hendrix argues, does not bar relief because Hendrix's counsel could not stipulate to his competency. We disagree. Hendrix is correct that he has a right to a competency determination that cannot be defeated by his failure to object to a lack of a hearing. *See e.g. Deferrell v. State*, 199 So. 3d 1056, 1061 (Fla. 4th DCA 2016). But this right does not relieve him of the responsibility to make evidentiary objections relating to the competency

4

determination. As long as the trial court held a competency hearing, and made an independent determination of competency, the lack of a proper foundation for the consideration of the reports is not fundamental error. The trial court gave Hendrix a specific opportunity to challenge its nunc pro tunc competency determination, and Hendrix declined.

We find that the trial court properly determined that Hendrix was competent. *See e.g. Merriell v. State*, 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015) (holding that competency hearing was sufficient where the issue was raised at a status hearing, the court noted that it had reviewed the evaluation, and the court specifically stated that the defendant was competent to proceed). We affirm Hendrix's judgment and sentence, but remand for the trial court to enter an order nunc pro tunc finding him competent to enter a guilty plea.

Affirmed and remanded with instructions.

ROBERTS and M.K. THOMAS, JJ., CONCUR.