NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM SALLEE,                              )
                                             )
            Appellant,                       )
                                             )
v.                                           )        Case No.  2D16-5407
                                             )
STATE OF FLORIDA,                            )
                                             )
            Appellee.                        )
                                             )
_____ )

Opinion filed April 18, 2018.

Appeal from the Circuit Court for
Polk County; Reinaldo Ojeda, Judge.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Chief Judge.

        William Sallee appeals the judgment and sentences imposed following

entry of his guilty plea.  We have jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(A),

9.140(b)(1)(A).  We affirm his conviction.  However, because the trial court made an oral

determination of competency without entry of the requisite written order, we remand for the trial court to enter a written nunc pro tunc order finding Mr. Sallee competent to stand trial.

### Background

Mr. Sallee was charged with several offenses arising from his use of a cellphone to record videos and take pictures of sleeping girls. Questions quickly arose concerning his competency to proceed. Defense counsel successfully moved for an order appointing two mental health experts to evaluate Mr. Sallee. See Fla. R. Crim. P. 3.210(b) ("If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition . . . ."). Each expert filed a written report concluding that Mr. Sallee was competent.

The trial court then conducted a competency hearing. Mr. Sallee attended the hearing with counsel. Neither side called a witness. Instead, defense counsel recounted the contents of the experts' reports. Upon questioning by the trial court, defense counsel conceded that each expert had found Mr. Sallee competent. The State agreed. The trial court instructed defense counsel to prepare an order finding Mr. Sallee competent. No such order appears in our records.

Later, Mr. Sallee pleaded guilty. Pursuant to a negotiated disposition, the trial court sentenced him to fifteen years in prison followed by fifteen years of probation as a sexual offender and a sexual predator. The trial court conducted a thorough plea colloquy with Mr. Sallee.

- 2 -

## Analysis

Mr. Sallee asserts that the trial court failed to conduct a proper competency hearing, thereby depriving him of due process. Cf. Dougherty v. State, 149 So. 3d 672, 677 (Fla. 2014) ("Generally, a proper hearing to determine whether competency has been restored after a period of incompetence requires 'the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence.' " (quoting Jones v. State, 125 So. 3d 982, 983-84 (Fla. 4th DCA 2013))). He insists that as part of the hearing, the trial court was required to receive witness testimony; and, based upon such testimony, make an independent determination that he was competent to proceed. He asks us to vacate his convictions, and remand for a proper competency hearing.

We note that "[a] judicial determination of incompetence remains valid until there is a subsequent judicial determination that the petitioner is competent to proceed." Metzger v. State, 741 So. 2d 1181, 1183 (Fla. 2d DCA 1999) (quoting Downing v. State, 617 So. 2d 864, 866 (Fla. 1st DCA 1993)); see also Dessaure v. State, 55 So. 3d 478, 482-83 (Fla. 2010) ("Once a defendant has been deemed competent, the presumption of competence continues throughout all subsequent proceedings."). But the trial court never found Mr. Sallee incompetent. In the absence of a judicial determination to the contrary, Mr. Sallee is, was, and remains presumptively competent. Cf. Child v. Wainwright, 148 So. 2d 526, 527 (Fla. 1963) ("A defendant is presumed sane . . . ."); DeFriest v. State, 448 So. 2d 1157, 1157 (Fla. 1st DCA 1984) ("There is a legal presumption of sanity in criminal proceedings." (citing Campbell v. Stoner, 249 So. 2d

474 (Fla. 3d DCA 1971)));[1] King v. State, 387 So. 2d 463, 464 (Fla. 1st DCA 1980) (observing first that "if a person is adjudicated to be mentally incompetent, it is presumed he continues to be so until it is shown his sanity has returned" and then holding "that the burden [to prove appellant's competency] did not shift to the state because appellant had not been previously declared incompetent").

Mr. Sallee claims that the hearing was inadequate to protect his due process rights not to be tried or convicted while incompetent. See Dougherty, 149 So. 3d at 679 ("[W]e conclude that a trial court's failure to observe the procedures outlined in Florida Rules of Criminal Procedure 3.210–3.212—procedures determined to be adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial—deprives a defendant of his due process right to a fair trial."). He relies on Reynolds v. State, 177 So. 3d 296, 299 (Fla. 1st DCA 2015), in which the court reversed a revocation order and resulting sentence "because the trial court failed to hold a competency hearing prior to accepting Appellant's plea."

Reynolds is inapposite. Mr. Reynolds received no competency hearing. Id. at 298 ("[T]he trial court did not hold a hearing on the [competency] issue . . . before accepting his plea admitting to the probation violation. This was error."). In contrast, Mr. Sallee had a hearing. See Cochran v. State, 925 So. 2d 370, 373 (Fla. 5th DCA 2006) ("[O]nce the trial court enters an order appointing experts upon a reasonable belief that the defendant may be incompetent, a competency hearing must be held.").

---

[1]As used in these cases, the terms "sane" and "insanity" refer to the criminal defendant's competency.

There appears to be no dispute that "where the parties and the judge agree, the trial [c]ourt may decide the issue of competency on the basis of the written reports alone." Fowler v. State, 255 So. 2d 513, 515 (Fla. 1971); accord Roman v. State, 163 So. 3d 749, 751 (Fla. 2d DCA 2015) ("If the parties agree, the trial court can make its competency determination based solely on experts' reports.").

The record reflects that defense counsel explained the contents of the experts' reports, noting that although the reports concluded that Mr. Sallee "is competent . . . there [are] some things where he's viewed as marginal or that you know there's questions or concerns about it." Counsel advised the trial court that "what we're going to need to do is just try and do the best that we can and if there's something that causes concern where we need to reexamine the question of competency then do that at that time." Seemingly, defense counsel left it to the trial court to assess Mr. Sallee's competency based upon the reports. See Dougherty, 149 So. 3d at 679 ("Although the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant's competency . . . ."); see also Rumph v. State, 217 So. 3d 1092, 1095 (Fla. 5th DCA 2017) ("Competency is a legal rather than a medical question, and the expert reports prepared by the examiners are merely advisory."). At the very least, defense counsel's explanation of the experts' reports, without requesting witness testimony, indicates the parties' agreement that the trial court resolve the issue of Mr. Sallee's competency solely on the basis of the experts' reports. See Charles v. State, 223 So. 3d 318, 329-30 (Fla. 4th DCA 2017) ("Although there was not an express stipulation to decide the issue of competency solely on the basis of Dr. Brannon's

report, it appears from the record that the parties and the judge agreed to decide the issue of competency on the basis of the written report alone. Before concluding the competency hearing, the trial court specifically asked if there was 'a request for anything else with respect to proceeding forward . . . .' The parties' silence in the face of this clear opportunity to request either live testimony or additional competency evaluations demonstrates that the parties agreed to the trial court's procedure of deciding the issue of competency on the basis of Dr. Brannon's written report alone.").

We also observe that Mr. Sallee was present at the competency hearing; the trial court was able to observe his demeanor. We cannot conclude that Mr. Sallee was deprived of due process. See Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016) (concluding that appellant was not deprived of due process where "[a]t Holland's competency hearing, with Holland present, the court considered the experts' reports, the statements of defense counsel, and Holland's demeanor").

At the close of the competency hearing, the trial court directed Mr. Sallee's counsel to prepare an order memorializing its competency determination. No such order is in our record. "[I]f a trial court finds that a defendant is competent to proceed, it must enter a written order so finding." Dougherty, 149 So. 3d at 678; see also Fla R. Crim. P. 3.212(b) ("If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed."). This court has held that the failure to enter a written order requires remand for entry of an order nunc pro tunc. See Hampton v. State, 988 So. 2d 103, 106 (Fla. 2d DCA 2008) ("Where, as here, a court has orally found a defendant competent but erroneously failed to enter the required written order, we have affirmed with directions to enter the order nunc pro tunc."). Consequently, we

remand this case to the trial court for entry of a nunc pro tunc order finding Mr. Sallee competent to stand trial.

Affirmed; remanded with instructions.


KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.