DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT HAROLD BITTLE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2714

[April 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina A. Keever-Agrama and Joseph Marx, Judges; L.T. Case No. 50-2010-CF-012102-AXXX-MB.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

The defendant below challenges the trial court's determination that he was competent to stand trial for charges relating to a bank robbery committed in 2010. He argues the trial court erroneously relied on stale competency evaluations. Because the defendant failed to preserve this argument, we affirm.

The trial court determined the defendant was incompetent to proceed in 2013, but his competency was restored in April 2014. Defense counsel moved to again determine competency in October 2014, alleging that recent events had caused the defendant to decompensate.

The court appointed two experts, Dr. Douglas Schooler and Dr. Barbara Ann Barone, to examine the defendant. Each of the court-appointed experts evaluated the defendant on October 27, 2014 and each determined he was competent to proceed. The defendant hired two of his own experts to conduct competency evaluations, which evaluations took place on December 19, 2014 and March 13, 2015, respectively.

Each defense expert concluded he was incompetent.

The required competency hearing was originally set for November 14, 2014, but was postponed numerous times, at least one time at the defendant's behest. When the hearing finally took place on July 21, 2015, both court-appointed experts testified to their opinion that the defendant was competent. Dr. Barone additionally opined that some of the defendant's impairments were feigned. The defendant called his experts to testify and they generally opined that he was incompetent due to his inability to recall and discuss all of the events surrounding the crime, which inability was related to a brain injury.

The trial court "broke the 2-2 tie" and, using the evidence presented to it, found the defendant competent to proceed. In the order finding the defendant competent, the trial court directly addressed the issue of the defendant's credibility and adopted the position of the court-appointed expert that the defendant was feigning his memory deficits. The defendant proceeded to trial and was convicted.

On appeal, the defendant challenges the court's second competency determination, contending that the nine-month-old competency evaluations on which the trial court relied were stale. Therefore, he contends, there was not competent, substantial evidence to support the court's competency determination.

We agree with the defendant insofar as he argues that the nine-month-old competency evaluations conducted by the court-appointed experts were stale, but for that matter, so were the four- and seven-month-old evaluations presented to the court by the defense. *See Washington v. State*, 162 So. 3d 284, 289 (Fla. 4th DCA 2015) (holding competency evaluations that were six months to one year old were stale and did not constitute competent, substantial evidence of competency); *In re Commitment of Reilly*, 970 So. 2d 453, 456 (Fla. 2d DCA 2007) (holding six-month-old evaluation "was too stale to be relevant" and "did not provide competent, substantial evidence to support the trial court's finding"); *Brockman v. State*, 852 So. 2d 330, 333-34 (Fla. 2d DCA 2003) (noting that four- and eleven-month-old expert reports "were simply too old to be relevant to a determination of Brockman's competency to stand trial" because they "did not speak to Brockman's competence" at the time of trial).

We nevertheless conclude that there is no reversible error here. Where sufficiency of the evidence is challenged, the general rule requiring a contemporaneous objection to preserve an issue for appellate review

applies. *F.B. v. State*, 852 So. 2d 226, 229-30 (Fla. 2003). "Any technical deficiency in proof may be readily addressed by timely objection or motion, thus allowing the State to correct the error, if indeed it is correctable, before the trial concludes." *Id.*

Because the defendant failed to contemporaneously object to the sufficiency of the expert reports, our review is limited to fundamental error. *See id.* at 229. Fundamental error is error that "goes to the foundation of the case or goes to the merits of the cause of action" and "amount[s] to a denial of due process." *D'Oleo-Valdez v. State*, 531 So. 2d 1347, 1348 (Fla. 1988) (citations omitted).

A trial court fundamentally errs if it fails to afford a defendant the process outlined in the Florida Rules of Criminal Procedure 3.210-3.212, which rules "protect a defendant's right not to be tried or convicted while incompetent to stand trial." *See Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014); *see also Dortch v. State*, Nos. 4D16-2815, 4D16-2816 (Fla. 4th DCA Apr. 4, 2018) ("One thing is certain: competency requires strict adherence to the Florida Rules of Criminal Procedure 3.210-212."). Accordingly, waiver or stipulation within competency proceedings has not precluded reversal in cases where the trial court has failed to hold an evidentiary hearing or to make an independent finding of competency. *See, e.g., Dougherty*, 149 So. 3d at 678 (holding defendant cannot stipulate to finding of competency because trial court must make independent determination of competency); *Rumph v. State*, 217 So. 3d 1092, 1094-95 (Fla. 5th DCA 2017) (finding fundamental error where court accepted counsel's implicit stipulation to competency and record did not indicate that court reviewed expert reports before ruling); *Raithel v. State*, 226 So. 3d 1028, 1032 (Fla. 4th DCA 2017) (reversing for competency hearing where defense counsel failed to request one and stating that invited error "does not apply in a competency context").

More akin to the issue at hand, however, the First District recently held that the fact that the right to a competency hearing is unwaivable "does not relieve [a defendant] of the responsibility to make evidentiary objections relating to the competency determination." *Hendrix v. State*, 228 So. 3d 674, 676 (Fla. 1st DCA 2017). In *Hendrix*, the trial court accepted Hendrix's plea before pronouncing him competent to proceed. *Id.* at 675. At the sentencing hearing over a month later, the trial court indicated that it read the expert competency evaluations and found Hendrix was competent to proceed at the time the plea was entered. *Id.* On appeal, Hendrix argued the trial court could not rely on the evaluations because they were not admitted into evidence. *Id.* at 676. The *Hendrix* court noted the lack of preservation and concluded, "As long

3

as the trial court held a competency hearing, and made an independent determination of competency, the lack of a proper foundation for the consideration of the reports is not fundamental error." *Id.*; *see also Merriell v. State*, 169 So. 3d 1287, 1288-89 (Fla. 1st DCA 2015) (affirming where court reviewed expert report and, without objection, orally declared defendant competent at a status call hearing, but remanding for entry of written nunc pro tunc order).

We, too, determine that the protections afforded to a defendant within the context of competency proceedings do not absolve a defendant from the responsibility of making appropriate evidentiary objections in the proceedings below. The trial court appropriately held a competency hearing and made an independent finding of competency. The trial court did not fundamentally err in relying on the stale reports, particularly where Bittle himself offered *his own stale reports* for the trial court's consideration.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4