NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNETH LEE JOHNSON, DOC #510751, )
                                   )
            Appellant,             )
                                   )
v.                                 )        Case No. 2D17-3707
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed March 1, 2019.

Appeal from the Circuit Court for
Hillsborough County; Vivian T. Corvo,
Judge.

Howard L. Dimmig, II, Public Defender, and
Timothy J. Ferreri Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Chief Judge.

        Kenneth Lee Johnson appeals his judgment and sentence imposed

pursuant to a negotiated plea agreement. We have jurisdiction. See Fla. R. App. P.

9.140(b)(2)(A)(ii). We affirm the judgment and sentence. But we remand for entry of a

written nunc pro tunc order finding Mr. Johnson competent to proceed.

**Background**

The State charged Mr. Johnson with one count of possession of more than twenty grams of cannabis, a third-degree felony. See § 893.13(6)(a), Fla. Stat. (2016). The trial court appointed three experts to evaluate and determine Mr. Johnson's competency. Two of the three determined that Mr. Johnson was competent to proceed.

At his competency hearing, Mr. Johnson, his counsel, and the trial court discussed the findings and conclusions of the three experts. The trial court gave the State an opportunity to review the reports. The parties stipulated that the trial court could "receive the [experts'] reports in order to make a determination as to competency." The trial court orally found Mr. Johnson competent to proceed but failed to enter a written order to that effect.

After the competency hearing, Mr. Johnson filed an unsuccessful motion to suppress evidence. Thereafter, Mr. Johnson entered a negotiated plea of guilty to one count of the lesser-included offense of possession of cannabis. See § 893.13(6)(b). The trial court held a plea colloquy and sentenced Mr. Johnson to time served. Mr. Johnson did not reserve his right to appeal the denial of his suppression motion.

Mr. Johnson filed a pro se motion to withdraw his plea. He claimed that trial counsel was ineffective for failing to appeal the suppression ruling. Finding the motion facially insufficient, the trial court dismissed it but gave Mr. Johnson thirty days to file a facially sufficient motion. Nothing in our record indicates that Mr. Johnson filed another motion.

## Analysis

Mr. Johnson argues that the trial court denied him due process by accepting his plea without making an independent finding of competency and issuing a written competency order. The State counters that "[t]he parties permissibly stipulated to the use of the expert reports as the sole basis for the competency determination, and the trial court reviewed the reports and made an independent finding of competency orally on the record." The State, however, concedes that the trial court erred by failing to enter a written order. The State correctly observes that the error "is not fatal and requires only remand for a nunc pro tunc order memorializing the oral finding of competency."

Mr. Johnson raises the competency issue for the first time on appeal. Thus, the issue "is subject to review for fundamental error." See Hendrix v. State, 228 So. 3d 674, 675 (Fla. 1st DCA 2017) ("Hendrix's challenge to the adequacy of the competency procedures is raised for the first time on appeal, and is subject to review for fundamental error."); see also Carrion v. State, 235 So. 3d 1051, 1053 (Fla. 2d DCA 2018) (reviewing defendant's challenge to the adequacy of the trial court's competency finding that was raised for the first time on appeal as fundamental error). "Error is fundamental if it 'goes to the foundation of a case' and amounts to a denial of due process." Hendrix, 228 So. 3d at 676 (quoting D'Oleo-Valdez v. State, 531 So. 2d 1347, 1348 (Fla. 1988)).

The record reflects that the trial court observed and spoke with Mr. Johnson at the competency hearing. See Sallee v. State, 244 So. 3d 1143, 1146 (Fla. 2d DCA 2018) (observing that the defendant "was present at the competency hearing; the trial court was able to observe his demeanor"). The parties and the trial court also

reviewed the expert reports. The parties agreed to allow the trial court to make its competency determination based solely on those reports. See Dougherty v. State, 149 So. 3d 672, 679 (Fla. 2014) ("[W]hen the parties agree, [the trial court] may decide the issue of competency on the basis of written reports alone."). The trial court subsequently, and orally, determined that Mr. Johnson was competent to proceed. The trial court made an independent determination of competency and, consequently, did not deprive Mr. Johnson of due process. See Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016) (concluding that defendant was not deprived of due process where "[a]t Holland's competency hearing, with Holland present, the court considered the experts' reports, the statements of defense counsel, and Holland's demeanor" when it made an oral determination that defendant was competent); see also Sallee, 244 So. 3d at 1146 (reaching the same conclusion based on similar facts).

However, the record does not contain a written order memorializing the trial court's oral finding. "Florida Rule of Criminal Procedure 3.212(b) mandates the entry of a written order of competency." Holland, 185 So. 3d at 637 (citing Dougherty, 149 So. 3d at 677). Thus, we remand the case to the trial court for entry of a written nunc pro tunc order finding Mr. Johnson competent to proceed. See Sallee, 244 So. 3d at 1147 ("[T]he failure to enter a written order requires remand for entry of an order nunc pro tunc.").

Affirmed; remanded with instructions.


KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.