# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-549
Lower Tribunal Nos. F11-32407, F11-32408

_____

**Eric J. Graveran,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before SCALES, HENDON and GORDO, JJ.

HENDON, J.

Eric J. Graveran ("Defendant") appeals from a final order of revocation of probation and an order imposing sentence. We reverse and remand for further proceedings.

The trial court's failure to enter a written finding of competency warrants reversal. Florida Rule of Criminal Procedure 3.212(b) provides that the "court shall first consider the issue of the defendant's competency to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed." (emphasis added); Dougherty v. State, 149 So. 3d 672, 678 (Fla. 2014) (holding if a trial court finds that a defendant is competent to proceed, it must enter a written order so finding, and in which case the State conceded that entry of an order under the rule refers to entry of a written order as opposed to an oral pronouncement.); Hendrix v. State, 228 So. 3d 674, 676 (Fla. 1st DCA 2017) (holding the trial court is required to make an independent determination that the defendant is competent to proceed, and cannot rely on a stipulation of the defendant or his counsel that defendant is competent to proceed).

Accordingly, we remand for a retroactive determination of the Defendant's competency. If the trial court finds that the Defendant was competent at the time of the probation violation hearing, it shall enter a

nunc pro tunc written order reflecting its oral pronouncement regarding Defendant's competency. Mullens v. State, 197 So. 3d 16, 37 (Fla. 2016) ("The district courts of this state have interpreted this language [Fla. R. Crim. P. 3.212(b)] to require a written order of competency; when a trial court has issued only an oral finding of competency, the district courts have typically remanded for a nunc pro tunc written order of competency."); Moreno v. State, 232 So. 3d 1133, 1138 (Fla. 3d DCA 2017) (remanding for the sole purpose of entering a written order reflecting its oral pronouncement regarding Moreno's competency).

If trial court finds that the Defendant was incompetent or that a retrospective determination is not possible in this case, the court shall hold a new probation violation hearing, as long as the Defendant is and remains competent on remand. We also instruct the trial court to enter a written order of revocation of probation, assuming the court can make a retroactive competency determination. As the entry of such an order is a ministerial act, Defendant does not need to be present. Moreno, 232 So 3d at 1138.

Reversed and remanded with directions.